## Sulek *v*. McWilliams.

### Opinion delivered December 19, 1903.

1. Appeal—chancellor's decree—conclusiveness.—A chancellor's decree will not be reversed for insufficiency of evidence, in the absence of a clear preponderance of evidence against it. (Page 72.)

2. Mortgage foreclosure—reopening decree.—An attempt of the mortgagors to reopen a decree of foreclosure after nothing remained to complete the execution of the decree but to confirm the sale was too late. (Page 72.)

3.  PLEADING—INTERVENTION OF STRANGER.—Strangers to a suit, whose interests are not concluded by a decree of foreclosure of a mortgage, will not be permitted to intervene after the decree has been executed, especially where the facts they rely on were known to them before the suit was brought. (Page 72.)

Appeal from Prairie Chancery Court.

JNO. M. ELLIOTT, Chancellor.

Affirmed.

*McClintock & Lankford* and *Bradshaw & Helm,* for appellants.

The taking of the bonus of $407.09, over the legal rate of interest, constituted usury. Const. art. 19, § 13; Sand. & H. Dig., §§ 5077, 5084, 5085, 5086; 55 Ark. 143; 51 Ark. 534; 51 Ark. 546; 54 Ark. 155; 64 Ark. 249; Webb, Usury, 93. Courts look to the real nature of a transaction in determining questions of usury, regardless of forms. 53 Ark. 454; 47 Ark. 287; 66 Ark. 460; 54 Ark. 40; Webb, Usury, 80; 55 Ark. 268; 36 Ark. 248; 47 Ark. 287; 50 N. Y. 437; 78 Ga. 635; 90 N. Y. 549; 100 Pa. St. 551; 46 Ia. 144; 91 N. Y. 199. The antedating of the notes for the purpose of increasing the interest really due thereon also constituted usury. Sand. & H. Dig., §§ 5077, 5085; Webb, Usury, 109; 45 Neb. 450; 78 Ia. 568; 10 Atl. 287; 35 Ark. 55. The intention to take usury is to be deduced from circumstances. Webb, Usury, p. 39; 45 Ia. 237; 63 Ark. 249; 54 Ark. 50; 62 Ark. 370; 41 Ark. 331. The mortgage securing the notes is void. Sand. & H. Dig., § 5086; 54 Ark. 155; 35 Ark. 217; 62 Ark. 370; 54 Ark. 40. The court erred in striking the supplemental answer and cross complaint from the files. 25 Ark. 452; Sand. & H. Dig. §§ 5635, 5086; Story, Eq. Pl. (4th Ed.), § 326; 6 Am. & Eng. Enc. Law, 776.

*J. W. & M. House,* for appellees.

The finding of the trial court upon the question of usury is supported by evidence, and will not be disturbed on appeal. Under the evidence there was no usury in the transaction. 46

Ark. 524; 47 Ark. 196; 50 Ark. 511; 24 Ark. 431; 42 Ark. 246;
49 Ark. 465; 50 Ark. 185; 55 Ark. 112; 44 Ark. 216. The build-
ing and loan decree was final, and usury could not be pleaded
against it. 25 Ark. 258; 55 Ark. 268. Even if the mortgage and
note sued on are usurious, the original demand, the building and
loan association decree and the Lentz mortgage may be enforced.
56 Ark. 315; 55 Ark. 146; 35 Ark. 217; 62 Ark. 370; 62 Ark. 491;
05 Ark. 316; 32 S. W. 464; 45 S. W. 114; 50 Cent. Law Jour. 189.
Evidence of usury must be clear and convincing. 68 Ark. 164; 91
Va. 676; 18 N. J. Eq. 481. There was no error in the court's
ruling as to the exceptions to the commissioner's report of sale.
47 Ark. 31; 47 Ark. 407; 45 Ark. 253. A supplemental answer
or reply can only be filed by consent of the court. Sand. & H.
Dig., § 5773. No appeal lies in favor of Sulek until he returns
the amount for which he sold his rights in the land, and appellants
McClintock & Lankford cannot appeal because they are not
affected. 18 Ark. 209; 26 Ark. 491; 28 Ark. 478; 30 Ark. 578;
47 Ark. 411. See also 24 Ark. 14; 50 Ark. 201; 53 Ark. 514;
2 Cal. 57; 17 Md. 525; 58 Md. 86.

HUGHES, J. This is an appeal from a decree in the Prairie
chancery court foreclosing a mortgage given by Anton Sulek and
his wife, Anna Sulek, to Geo. C. Lewis, on the 16th of January,
1899, upon lands therein described, to-wit, the west half of
section 29, and the east half of section 30, all in township
1 south, range 5 west, in Prairie county, Arkansas, which
mortgage was made to secure to said Lewis the payment of six
notes for $800 each and interest thereon, in the aggregate $4,800,
and which said mortgage and notes had been transferred and
assigned by the said Geo. C. Lewis on the 19th of January, 1899,
to the appellee Jno. McWilliams for the purpose of securing the
payment of the sum of $3,000, which said Lewis owed to the said
McWilliams.

The said notes and mortgage were delivered by the said
Lewis to the said appellee McWilliams. After stating these facts
substantially in his complaint, and that said debt of $3,000 and
interest remained unpaid, the appellee McWilliams prayed for
a decree of foreclosure against Anton Sulek and wife Anna, and
for judgment against Geo. C. Lewis for $3,000 and interest, and

for the sale of the lands, if judgment should not be paid in a certain time. Geo. C. Lewis was made a defendant.

The defendants, Anton and Anna Sulek, answered separately, admitting the execution of the notes for $4,800 as alleged, and the mortgage to secure their payment, but alleged that the notes were given to Lewis to secure the payment of a usurious claim. He states in his answer that in the year 1898, they owed the Farmers' Savings, Building and Loan Association the sum of $———, and that said association had obtained a decree against their land, and had advertised the land for sale to satisfy the same; that at the same time there was another mortgage against the land for the sum of $1,050 to M. F. Lentz; that, desiring to pay off these claims, and having no money to pay the same, they applied to Geo. C. Lewis for a loan of money to pay said judgment and mortgage, and that Lewis agreed to let them have the money, provided they would execute a mortgage on the same property to secure him; that they signed and executed the mortgage to secure him; that, instead of drawing up the notes and mortgage for the sum of $4,212.60, the sum of said decree and mortgage, they were made out for the sum of $4,800, so that Lewis might receive more than ten per cent. on the money so advanced to or for the said defendants as aforesaid, and that said sum of $4,800 was to draw interest at the rate of ten per cent. per annum.

George C. Lewis answered and admitted each allegation of the complaint as true, and prayed to be made a party plaintiff against defendant Sulek and wife; adopted the complaint of McWilliams, and made it part of his complaint against Sulek and wife, and stated that the consideration for which said notes and mortgage were given was the amount of the Lentz mortgage for $1,162.52, which he had bought and paid for, and which had been assigned to him, and the sum of $3,162.60, the amount of a decree against the Sulek lands, which he controlled, and under which the lands had been sold and purchased by the Farmers' Savings & Building Association, which sale had not been confirmed; that at the instance of Sulek he bought the Lentz mortgage for $1,050, through Sulek, which amounted on the 5th of September, 1898, to $1,864.19, and that there was due on the association's debt $3,429.77, and due him $25 fee for procuring divorce for Sulek's

daughter, all of which amounted to $5,318.96; that he bought the Lentz mortgage at a discount, paying therefor $1,050, and, as a matter of favor merely to Sulek, allowed Sulek one-half the discount, or $407.09, when they settled on the amount for which Sulek gave the mortgage to him.

Sulek in answer to Lewis says that Lewis was to lend him the money to buy the mortgage of Lentz, and that he bought for himself at $1,050, and that Lewis charged him the $407.09 in addition to ten per cent. interest on the amount in the mortgage.

The evidence in the case was conflicting, as to whether the money advanced by the plaintiff Lewis was a loan to Sulek, or whether Lewis bought the Lentz mortgage through Sulek on his own account. There was some evidence leading to support the contention of each as to this, which was an important and material question in the case.

The chancellor decided in favor of the plaintiffs, and we cannot say that the reasonably clear preponderance of the testimony is against that finding. We think it well supported by the evidence. He found for plaintiffs, and ordered a sale of the lands in controversy, and they were sold accordingly, and purchased by plaintiff McWilliams.

After the sale, and before its confirmation, the defendants, Sulek and wife, by leave of the court, filed in court a writing, which they called a supplemental answer and cross-complaint, which seems rather a proposition to further continue the controversy already determined. At the same time McClintock and Lankford, who as attorneys had conducted the defense in the cause for Sulek and wife, also asked leave, and were allowed, to file a writing, alleging that they had bought one-half of the lands in controversy sometime prior to the institution of this suit, and that one Reinch had deceived Sulek, and had bought his interest in the lands, and received a deed from him and wife for the same, and asking that Reinch be made a party, and required to answer, and that the deed to him be set aside, and that the decree in the case be set aside, and the notes and mortgage to Lewis be cancelled and held for naught. This they called a supplemental complaint, but it seems to be a request to be allowed to intervene in the case after it was decided.

A demurrer was sustained to this offer of Sulek and wife, and also to that of McClintock and Lankford, and on motion their papers were stricken from the files of the court, to which they excepted. Sulek and wife having excepted also to the main decree in the case, it is brought up here for review.

We are of the opinion that the evidence in the case sufficiently supports the decree of the chancellor, and that there is not a reasonably clear preponderance of the evidence against the decree, without which this court will not reverse it.

The offer of Sulek and wife to contest the decree after its rendition was too late. The decree had been partly executed and needed only to have the sale made in accordance with it confirmed.

The offer of McClintock and Lankford to be allowed to intervene was made after the decree had been executed, and the facts they relied on were in existence and known to them before the suit was brought. They were not parties to the suit, and if they have rights in the subject-matter of it, they are not concluded by the decree. Sulek and wife had sold all the interest they had, if any, in the lands involved to Reinch, and had no longer any interest in the case. The demurrer in this behalf was properly sustained; also the motion to strike.

Finding no reversible errors in the case, the decree of the chancellor is in all things affirmed.