## LETCHWORTH v. VAUGHAN.

Opinion delivered December 16, 1905.

1. CONTRACT—FORFEITURES.—As the law does not favor forfeitures, any reasonable construction of a contract will be adopted that will prevent a forfeiture. (Page 307.)

2. SAME—WAIVER OF FORFEITURE.—Where a contract for the sale of lands provided that the vendor should, within a certain period of time, furnish "a perfect or satisfactory title" to the lands, and that half of the purchase money should be retained until the title to the land should be perfected, and that, in the event of the failure of the vendor to perfect the title within the time mentioned, the sum retained should be forfeited to the vendee, the vendor is entitled to recover the remainder of the purchase money whenever he furnishes a title which the vendee agrees to accept as satisfactory. (Page 307.)

3. CHANCELLOR'S FINDING—CONCLUSIVENESS.—The finding of a chancellor upon evenly balanced testimony will not be set aside. (Page 308.)

Appeal from Prairie Chancery Court; JOHN M. ELLIOTT, Chancellor; affirmed.

STATEMENT BY THE COURT.

The plaintiff, Emmett Vaughan, sold, and by deed containing covenants of warranty of title conveyed, to the defendant, J. W. Letchworth, a body of land containing 1,009.09 acres. The

purchase price of the land was $1,000, of which $500 were paid upon delivery of the conveyance. The grantee retained the balance of the purchase price, $500, and the parties entered into a written agreement reciting the terms of the sale and conveyance, and that the title to the lands was irregular, as shown by the abstracts, and that the plaintiff agreed with the defendant "on or before four years from this date to perfect a perfect or satisfactory title to the above-described lands." It was further agreed, in this writing, that defendant should retain $500 of the purchase price until the title to the lands should be perfected, and that; in the event of the failure of the plaintiff to perfect the title within the time mentioned, the sum retained should be forfeited to the defendant.

Within a few months after the date of the conveyance and contract, the plaintiff caused an *ex parte* suit, in the name of the defendant Letchworth, to be instituted under the act of March 28, 1899, for the confirmation of title to the lands. Kirby's Digest, § § 649-660. The defendant, at the request of the plaintiff, signed and verified the petition for confirmation, and the same was duly prosecuted to final decree. The cost and attorney's fees were paid by the plaintiff.

After the confirmation decree was rendered, the plaintiff, Vaughan, asserted that he had complied with his contract, and demanded payment of the sum retained, and, upon refusal of defendant to pay, brought this suit in equity to enforce his lien upon the lands as vendor.

The defendant answered, denying that the title to the lands had been perfected in accordance with the contract, or that he had agreed to accept the confirmation as sufficient compliance with the contract. He also alleged that the confirmation decree was irregular and void.

The cause was heard upon the pleadings, the depositions of the plaintiff and defendant, and the transcript of the proceedings in the confirmation suit, and the court rendered a decree in favor of the plaintiff for recovery of the sum retained, and declared same to be a lien on the lands.

The defendant appealed.

*T. C. Trimble, Joe T. Robinson, T. C. Trimble, Jr.,* for appellant.

1. The decree was not final for three years from rendition. Kirby's Digest, § 657. When performance is a condition precedent, it must be averred and proved. 42 Fed. 421; 35 Ind. 1; 89 Ind. 565; 25 N. Y. 194. The vendor has no standing in equity until he has done equity by showing a full performance upon his part, according to the spirit of his obligation. 22 Am. & Eng. Enc. Law, 947. The vendee will not be compelled to accept as satisfactory a title that is defective by reason of irregular or imperfect judicial proceedings. Ib. 952; 3 L. R. A. 739. Where the vendor is unable to make a good title, he cannot obtain a decree for specific performance. 15 U. S. 290; 31 U. S. 389. A good title means not merely a title valid in fact, but a marketable title which can again be sold to a reasonable purchaser, or mortgaged to a person of reasonable prudence. 5 L. R. A. 654. If open to judicial doubt, it is not a marketable title. 86 N. Y. 575; 46 Hun, 638; 67 Penn. 396.

Suit for purchase money is in the nature of a bill for specific performance, and, if the title is doubtful, plaintiff cannot recover. 3 Cent. Rep. 150.

2. Under the contract appellant is entitled to decree declaring forfeited the $500 purchase money retained by him.

*J. H. Harrod,* for appellee.

McCULLOCH, J., (after stating the facts.) Under a fair construction of the contract, considering the language employed, the subject-matter thereof, the circumstances surrounding the transaction and the contemporaneous execution of a deed with convenants of warranty of title to the lands about which the parties were contracting, it must be held that appellee undertook thereby to give appellant, within the time specified, a title not necessarily perfect, but such title as he (appellant) should be willing to accept as satisfactory. The law does not favor forfeitures, and will, when a reasonable interpretation of the contract admits of it, adopt such construction as will prevent a forfeiture. *Bain* v. *Parker, ante,* p. 168; *Little Rock Granite Co.* v. *Shall;* 59 Ark. 408.

Of course, appellee would be liable to appellant, upon the covenant of warranty in the deed, for any damages sustained by the latter on account of failure of the title to any of the

lands conveyed; but a different question arises on the construction of the contract under consideration, and we hold that if appellee has furnished appellant a title which the latter agreed to accept as satisfactory, he is entitled to recover the part of the purchase price retained under the contract. Appellant cannot, under those circumstances, insist on a forfeiture because the title is not found to be perfect, but must be held to have elected to waive the forfeiture, and to rely upon the covenants in the deed for reimbursement for any damages which may be sustained in the future by reason of failure of title.

Appellant contends that the title is neither perfect, nor satisfactory to him, for the reason, among others, that, according to the provisions of the act of March 28, 1899, the confirmation decree did not become final until three years after its rendition. Kirby's Digest, § 657.

Appellee testified, in his own behalf, that when the contract in question was executed he was not advised of the enactment of the act of 1899, and thought that, part of the land being held under tax title, he would be compelled to wait three years longer, and pay taxes three years before he could confirm under the former statute. Kirby's Digest, § § 661-675. Hence the stipulation in the contract for the time limit of four years; that when the later statute and the fact that none of the land was held by tax title were called to his attention, he informed appellant of his intention to procure a confirmation under that statute. He further testified that appellant then agreed to accept the confirmation as a satisfactory title, and signed and verified the petition for confirmation. He did not say that appellant expressly agreed, in so many words, to accept the confirmation, but, taking his whole testimony together, it is sufficient, if taken as true, to show an agreement to that effect. It is also shown that appellant entered into a contract for the sale of all timber on the land. Appellant denied that he ever agreed to accept the confirmation as satis-factorily perfecting the title. He said that he did not either accept or reject it until after the decree was rendered, when he submitted the matter to his attorneys, and upon their advice rejected the title as unsatisfactory.

The fact that appellant signed and verified the petition for confirmation, without objection to that procedure, may be con-

sidered as corroborating, in some measure, the testimony of appellee; but at all events it cannot be said that the testimony preponderates in favor of appellee. The most that can be said in his favor is that the testimony is evenly balanced on this issue. On this condition of the proof we must, according to the repeated decisions of this court, uphold the findings of the chancellor. His findings of fact will not be disturbed by this court unless against the preponderance of ·the evidence. *Du Hadaway* v. *Driver,* 75 Ark. 9; *Sulek* v. *McWilliams,* 72 Ark. 67; *Greer* v. *Fontaine,* 71 Ark. 605; *Mooney* v. *Tyler,* 68 Ark. 314.

Appellant sets forth alleged defects in the proceedings and decree for confirmation as reasons for his refusal to accept the procurement of the decree as a satisfactory compliance with the contract, but this, too, falls within the rule announced that, the chancellor having found that he agreed to accept the decree with the knowledge or opportunity of ascertaining what its legal effect would be, we must follow his findings of fact, when not against the preponderance of the testimony. ·

Decree affirmed.