## ARNOLD *v.* McBRIDE.

### Opinion delivered March 31, 1906.

1. APPEAL—CONCLUSIVENESS OF CHANCELLOR'S FINDINGS.—A chancellor's findings of fact will not be disturbed unless against the clear preponderance of the evidence. (Page 277.)

2.. MARRIED WOMEN—POWER TO BORROW MONEY.—A married woman, under the law, may borrow money for her separate use, and her agreement to repay same is binding upon her, whether the money was used for her benefit or not. (Page 277.)

3. MORTGAGE—ENFORCEMENT OF LIEN.—An indorsement upon a mortgage that "this deed is not to be foreclosed until the seventh or last payment is due" does not prevent the bringing, before the date mentioned, of a suit to declare the debt a lien on the land. (Page 278.)

4. APPEAL—HARMLESS ERROR.—Appellant can not complain that the relief granted to appellee stopped short of what the pleadings and proof would have justified. (Page 278.)

Appeal from Searcy Chancery Court; *T. H. Humphreys,* Chancellor; affirmed.

#### STATEMENT BY THE COURT.

Plaintiff, N. J. McBride, brought this suit in equity against the defendant, Mary Arnold, a married woman, alleging that defendant was the owner, as her separate estate, of certain land described, which was under mortgage, and that on October 11, 1897, she borrowed from said plaintiff $4,418.27, and executed to him therefor seven notes with interest, one falling due each year thereafter, the first five of said notes being for $735 each, and the last two for $369.76 each, and to secure said notes executed on

said day a deed of trust with power of sale to Smith (who is joined as plaintiff) as trustee, which said trust deed was indorsed with these words: "It is hereby expressly understood and agreed and made a part of this deed that this deed is not to be foreclosed until the seventh or last payment is due;" that defendant's husband, E. D. Arnold, joined in said deed; that the notes were executed by defendant in a transaction relating to her separate property; that the first two of said notes were about to be barred by limitation, and that the lien would be lost thereby before the time fixed for foreclosure by the trustee of said trust deed, viz.: the maturity of the last note. The prayer of the complaint is that the two notes first falling due be declared a lien on said land, and that, if the same be not paid before the maturity of the last note, then that the land be decreed to be sold to pay said notes.

The defendant answered, pleading coverture and alleging that said notes were not given in relation to or for the benefit of her separate property, or for her personal benefit. She denied that she was ever engaged in any separate business, or that plaintiff McBride had ever loaned her any money, or that the conditions of said trust deed had been broken.

Plaintiff, McBride, testified, in substance, that defendant in person applied to him to borrow said sum of $4,418, and that he made the loan to her and paid the money to various persons in accordance with her verbal directions, including $1,100 to one Reese in satisfaction of said prior mortgage, and $1,500 to defendant's husband, and $718 applied in satisfaction of a debt owing by defendant to him (plaintiff).

The defendant gave her deposition in her own behalf, denying that she borowed any money from McBride, or that she received any of the funds, or the benefit thereof, except the sum of $100 paid over to her and the sum of $1,100 applied in satisfaction of the Reese mortgage debt, which she testified was her husband's debt. She also testified that her husband had entire control of her lands, and used the rents and profits thereof in his business. This was all the evidence in the case except that a son of plaintiff and a son of defendant each testified as to collateral matters.

The court rendered a decree in favor of plaintiff, declaring a lien upon said lands for the amount of said two notes and accrued interest, but did not order the lands sold.

The defendant appealed.

*Pace & Pace* and *W. S. McCain,* for appellant.

1. In this State a married woman can not become surety or give her note for a consideration moving to another. 32 Ark. 776; 39 Ark. 361; 70 Ark. 5. The presumption is that a married woman's note is void, and this presumption must be overcome by proof that it was given for a consideration that passed to her. 66 Ark. 117; 58 Ark. 484.

2. Where a mortgage is given to secure a particular debt, any plea that defeats the debt defeats the mortgage. 1 Jones on Mort., § 110. A mortgage can not be extended beyond its express terms. 35 Ark. 217.

3. It having been expressly agreed that the mortgage was not to be foreclosed until the last note was due, this suit was prematurely brought. 1 Jones, Mort., § § 1184, 1186, 1189, 1190; Wiltsie, Mort. Foreclosures, § § 51-54.

4. The chancellor should have declined to proceed until the holders of the other notes were before the court. Kirby's Digest, § 6011; 33 Ark. 240; 44 Ark. 314.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

1. A married woman can mortgage her property to raise money to pay her husband's debts or for any other purpose. The burden is not upon the lender to see that the money is appropriated to her use. 34 Ark. 17; 35 Ark. 480; 45 Ark. 117; 47 Ark. 485; 56 Ark. 220; 70 Ark. 516.

2. Two of the notes were about to be barred by limitations. Action was necessary and not premature. 13 Am. & Eng. Enc. Law, 779. Where a debt is payable in installments, there may be a foreclosure on default in payment of any installment. 2 Jones, Mort. § § 1459, 1577, 1591.

McCulloch, J., (after stating the facts.) There is sufficient evidence to sustain the findings of the chancellor that the money was borrowed by the defendant for her own use, and the findings, not being against the clear preponderance of the evidence, will not be disturbed. *Du Hadaway v. Driver,* 75 Ark. 9; *Sulek v. Mc-Williams,* 72 Ark. 67; *Greer v. Fontaine,* 71 Ark. 605.

This court, in *Sidway v. Nichols,* 62 Ark. 154, said: "Our conclusion is that a married woman has, under the law, the right

to purchase personal property, or borrow money for her separate use, and that the property purchased or money borrowed becomes her separate property. Her contract to pay for the same is a contract in reference to her separate property, and creates a personal obligation, valid in law and in equity, and this without regard to whether she owned any additional property or not." It is unimportant what use she made of the money after she received it, as the lender was not bound to see that she actually used it for her own purposes and benefit. All that is necessary is that the money shall have passed to her as her own property to do with it as she pleased. The evidence shows that this was done in this case.

It is contended that the suit was prematurely brought because it was agreed, by indorsement upon the mortgage that "this deed is not to be foreclosed until the seventh or last payment is due." It was not agreed, however, that payment should not be enforced until the last note became due. Only the date of foreclosure was postponed. The plaintiff could have brought suit on either of the notes any time after the respective dates of maturity, and the running of the statute of limitations would have been arrested by commencement of such suit. The only purpose of this suit was to have a lien declared on the land, and we are not called upon to determine whether the statute of limitations had begun against a foreclosure of the mortgage as to these notes, or whether this suit arrested the statute, as this question was not raised by the pleadings, and the court did not decree a foreclosure. For the same reason appellant was not prejudiced by the decree merely declaring the debt to be a lien on the lands. The court might, under the allegations of the complaint and general prayer for relief, have gone further and rendered a personal decree against the defendant for the amount of the debt, but it did not do that. The appellant can not complain that the relief granted to appellee stopped short of that which the pleadings and proof justified. If appellee is content to accept that relief only, no prejudicial wrong is done to appellant.

The suit is somewhat novel on account of the peculiarity of the contract in relation to postponement of foreclosure of the mortgage, but we find nothing in the decree of which appellant may justly complain, and the same is affirmed.