## VANDEVENTER *v.* DAVIS.

### Opinion delivered December 13, 1909.

1. BILLS AND NOTES—PAROL EVIDENCE OF SURETYSHIP.—Parol evidence is admissible to prove that one whose name appears on a note as maker was in fact a surety, but the burden is upon him to prove such fact. (Page 605.)

2. MARRIED WOMEN—POWER TO BORROW MONEY.—A married woman may borrow money for her separate use, and her agreement to repay same is binding upon her, whether the money was used for her benefit or not. (Page 606.)

3. SAME—LIABILITY ON NOTE.—Where the evidence was in conflict as to whether a married woman signed a note as maker or as surety, it was error to direct a verdict in her favor upon the theory that she was a surety, and therefore not liable. (Page 606.)

Appeal from Conway Circuit Court; *Hugh Basham,* Judge; reversed.

*Wm. L. Moose,* for appellant.

Appellee's coverture is no defense to this action. A married woman may borrow money to lend or give to her minor children (as is the case here), or to use for any other purpose, and is liable upon her promissory note given for such borrowed money. 62 Ark. 146; 43 Ark. 163; 70 Ark. 5; 78 Ark. 275.

*Sellers & Sellers,* for appellee.

The testimony of all the witnesses, except that of appellant herself, goes to show that Mrs. Davis signed the note as surety only. Appellant's statement that she loaned the money to Mrs. Davis is a mere conclusion. Whether or not appellee signed as principal or surety is to be determined from all the facts and circumstances surrounding the transactions. 16 Am. Dec. 617. The statement of Charles Davis, if made, that appellee wanted to borrow the money is wholly incompetent as against her. 38 S. W. 432. Appellant can recover only upon the theory that Charles Davis was appellee's agent. His declaration, made in the absence of appellee, is incompetent to prove such agency. 31 Ark. 212; 33 Ark. 251; *Id.* 316; 44 Ark. 213; 46 Ark. 222; 78 Ark. 320; 80 Ark. 228. No presumption arises that appellee signed as principal from the fact that her name appears first in the signatures. 16 Am. Dec. 620; 32 Cyc. 39; 82 S. W. 1007; 49 S. W. 334.

McCULLOCH, C. J. Mrs. Vandeventer sued Mrs. Davis on a promissory note for $1,000, executed by the latter jointly with her two sons, Charles and Lawrence Davis. On the face of the paper all three appeared as joint makers, the signature of Mrs. Davis being first. But she claims that she executed the note as surety for her sons for money lent by Mrs. Vandeventer to them, and she pleaded her coverture as a defense against liability as such surety. Mrs. Vandeventer testified in substance that she lent the money to Mrs. Davis to use in establishing her sons in business; that the negotiations were carried on between her and Charles Davis, who brought the note to her signed by himself and the other two (his mother and brother), and represented that his mother had authorized him to borrow the money. She paid the money over to Charles Davis when he delivered the note. She also testified that Mrs. Davis stated to her, before the money was paid over, that "she was going to use the money to set her sons up in business." Mrs. Davis and her two sons each testified that the money was loaned by Mrs. Vandeventor to the boys, and that Mrs. Davis executed the note as surety. The court directed the jury to return a verdict in favor of Mrs. Davis, and plaintiff appealed.

It was competent to prove by parol evidence that Mrs. Davis executed the note as surety, though her name appeared

as joint maker; but the burden of proof was upon her to establish this fact. *Vestal* v. *Knight,* 54 Ark. 97.

The evidence was conflicting, but that adduced by plaintiff was sufficient, if accepted by the jury, to justify the conclusion that the money was lent to Mrs. Davis for use in establishing her sons in business, and that she executed the note as maker, and not as surety. If that fact be established, she is liable on the note, notwithstanding her coverture. *Sidway* v. *Nichol,* 62 Ark. 146; *Arnold* v. *McBride,* 78 Ark. 275.

In *Sidway* v. *Nichol, supra,* Judge RIDDICK, speaking for the court, said: "Our conclusion is that a married woman has, under our law, the right to purchase personal property, or borrow money for her separate use, and that the property purchased or money borrowed becomes her separate property. Her contract to pay for the same is a contract in reference to her separate property, and creates a personal obligation, valid in law and equity, and this without regard to whether she owned any additional property or not. * * * To hold otherwise would be to say that; although the statute gives a married woman the right to acquire and hold property, yet, if she undertakes to acquire it by contract, the law will treat such contract as of no validity."

In *Arnold* v. *McBride, supra,* where a married woman borrowed money and directed its payment, except a small part thereof, to other persons, we said: "It is unimportant what use she made of the money after she received it, as the lender was not bound to see that she actually used it for her own purposes and benefit. All that is necessary is that the money shall have passed to her as her own property to do with it as she pleases."

In the present case, we add, it is not essential, in order to make a contract binding on a married woman, that any part of the money borrowed be paid over to her; for it is sufficient if it is lent to her, though paid to some one else on her direction. Her direction to the lender to deliver the money to some other person constitutes an assumption of dominion over it, and her dominion is for the time as complete as if it was paid into her hands and by her delivered to some one as a gift or otherwise. When she directs the money to be paid into the hands of another, she thereby constitutes such person her agent for

the purpose of receiving it from the lender, and the act of delivery in this manner transfers the title to her and through her to the person for whose use she intends it. The title to the money does not pass directly from the lender to the person into whose hands it is paid on directions of the borrower, for there is no privity of contract between them, and theoretically the title passes to the borrower, even though it is intended as a gift to the person into whose hands it is paid.

So in the present case, if Mrs. Vandeventer's statement of the facts be true, she lent the money to Mrs. Davis for the use of the latter in establishing her sons in business, and she paid it over to one of the sons on the implied directions of Mrs. Davis. According to Mrs. Vandeventer's statement, Mrs. Davis told her that "she was going to use the money to set her sons up in business;" and, according to the undisputed evidence, she entrusted to her sons a promissory note payable to Mrs. Vandeventer which she had signed *prima facie* as joint maker. On the faith of this note, and what Mrs. Davis had said to her, Mrs. Vandeventer lent the money and paid it over to Charles Davis.

We think that the question ought to have gone to the jury, to decide whether Mrs. Davis was a maker of the note, or merely a surety. This testimony also had a tendency to prove that Charles Davis was authorized by his mother to act as her agent in the negotiations, and it rendered admissible his statement made to the plaintiff in the line of his apparent authority during the pendency of the negotiations.

The judgment is reversed, and the cause remanded for a new trial.