## ADAIR *v.* ARENDT.

### Opinion delivered December 11, 1916.

MARRIED WOMEN—PURCHASE OF GROCERIES ON CREDIT FOR HOUSEHOLD
CONSUMPTION.—Defendant, a married woman, purchased groceries
on credit, and the same were used by her household.  *Held*, she
was liable therefor in an action against her by the seller, for the
purchase price..

Appeal from Pulaski Circuit Court; *Guy Fulk*,
Judge; affirmed.

*John B. Gulley*, for appellant.

1. The account was the husband's. The appel-
lant was a married woman, and not responsible for
necessaries furnished the family. The contract was
not for her personal benefit nor for the benefit of her
separate estate. 66 Ark. 437; 33 *Id.* 265; 48 *Id.* 220; 52
*Id.* 234; 108 *Id.* 153; 47 *Id.* 485; 27 S. C. 500; 54 Ind.
106; 69 Mich. 272; 62 Ark. 146; 66 Ky. (3 Bush.) 210;
4 S. E. 345; 37 N. E. 213; 69 Mich. 227; 1 Macky D. C.
350; Art. 9, § 7, Const.; 66 Ark. 437; 47 *Id.* 220; 52 *Id.*
234; 18 Conn. 417; 28 Mo. App. 150; 34 N. H. 420; 6
Ala. 651; 35 Fla. 187; 17 So. 363; 28 Minn. 208; 9 N. W.
759; 41 Am. Rep. 279; 147 Mo. 504; 39 Ark. 238.

2. The court erred in its charge to the jury. 79
Ark. 12; 82 *Id.* 424; 95 *Id.* 506, and many others.

*E. B. Buchanan*, for appellee.

1. The wife bought the groceries. The credit
was extended to her and she is personally liable whether
the goods were necessaries or not. 176 N. Y. 75; 62
Ark. 146; 15 Mich. 456; 78 Ark. 275; 62 *Id.* 150; 29 *Id.*
346; *Ib.* 444; 33 *Id.* 265; 48 *Id.* 220; 85 N. Y. S. 516,
493; 89 *Id.* 1031; 83 *Id.* 90; 69 Mich. 227; 51 N. H. 314;
13 Idaho 651; 28 Minn. 208; 26 App. D. C. 157; 3
Camp. 22; 70 Ala. 528; 55 W. Va. 429; 54 Miss. 368;
37 Conn. 491; 22 Md. 71; 11 Ind. App. 453; 6 Ga. 17;
47 Mo. 504; 51 N. H. 314.

2. There is no error in the court's charge. Acts
1915. The credit was extended to the wife. 83 Ark.

61; 93 *Id.* 548; 21 *Id.* 357; 88 *Id.* 524; *Ib.* 433; 97 *Id.* 358; 66 *Id.* 588.

SMITH, J. Appellant, who is a married woman living with her husband, was sued for a bill of groceries which were used by the family of herself and her husband. She interposed two defenses; first, that the account was that of her husband and not of her own making, by express contract or otherwise; second, that at the time the groceries were furnished, that she was a married woman living with her husband and family, and for this reason she could not be responsible for necessaries furnished the family, or for her husband's debt.

A verdict was returned by the jury against her for the full amount of the account, and by this appeal she questions both the sufficiency of the evidence to support the verdict and the correctness of the instruction under which it was returned.

Upon the first question it may be said that the evidence is sharply conflicting; but appellee testified that he sold the goods to appellant and upon her promise to pay, and this evidence, which was accepted by the jury, is legally sufficient to support the verdict upon the first proposition.

The second defense presents the real question in the case, and in its solution counsel for the respective parties have evinced much industry in their research, as evidenced by the number of cases they cite bearing upon the question.

We shall attempt no review of these cases, as we think the question involved presents no difficulty since the passage of our Married Woman's Act. The effect of this legislation was reviewed by Mr. Justice Riddick with his usual clearness, in the case of *Sidway* v. *Nichol,* 62 Ark. 146. In that case it was said:

"Our conclusion is that a married woman has, under our law, the right to purchase personal property, or borrow money for her separate use, and that the property purchased or money borrowed becomes her

separate property. Her contract to pay for the same is a contract in reference to her separate property, and creates a personal obligation, valid in law and in equity, and this without regard to whether she owned any additional property or not (citing cases.) To hold otherwise would be to say that, although the statute gives a married woman the right to acquire and hold property, yet, if she undertakes to acquire it by contract, the law will treat such contract as of no validity. Under that view of the statute, a married woman who had no separate estate could make no valid contract for the acquisition of property, however desirable and beneficial the ownership of it might be to her. If she was a seamstress and needed a sewing machine, or a music teacher and needed a piano, she could make no contract for a purchase upon credit. If she borrowed money with which to purchase property, her note given for the money would be void. This was her condition before the passage of the enabling acts. Such a construction, it seems to us, would, to a large extent, nullify the statutes which were intended to emancipate married women from many of the trammels of the common law, and permit them to contract for, acquire, and hold property."

A portion of this language was quoted with approval in the case of *Arnold* v. *McBride*, 78 Ark. 275, and the quotation was followed by the statement that: "It is unimportant what use she made of the money after she received it, as the lender was not bound to see that she actually used it for her own purposes and benefit. All that is necessary is that the money shall have passed to her as her own property to do with it as she pleased. The evidence shows that this was done in this case."

These quotations make it appear that authority was given the wife to buy what she pleased for herself, and, after it had been acquired, to dispose of it as she pleased, and she might buy on credit as well as for cash. But the right to buy on credit would avail noth-

ing if it was not accompanied with the obligation to pay, for without this obligation credit is impossible.

A great many cases on this subject are cited in the article on Husband and Wife in 13 Ruling Case Law, and we quote from section 209, of that article as follows:

"209.   Credit Extended to Wife.   If purchases, though of ordinary household supplies, are made by the wife on her sole credit, and not as agent for or on the credit of her husband, the husband is not as a general rule held liable therefor; in such a case the question of the agency of the wife is not involved; still, if a wife purchases ordinary household supplies without indicating that she does so on her personal credit, the presumption is that the purchase was on the credit of the husband, and the mere fact that a tradesman charges the articles to the wife does not show that the purchase was on the sole credit of the wife, and will not necessarily relieve the husband from liability therefor on the ground of the implied agency of the wife to bind her husband.   It has been held that the fact that a wife gave her own note for the price of supplies bought by her for her husband's farm is not conclusive evidence that the indebtedness was incurred by her individually; that the questions of her agency and her husband's liability are for the jury.   Under the statutes enlarging the powers of married women to make contracts and transact business, it is competent for a wife to bind herself personally on contracts in relation to household matters and necessaries.   These statutes, however, do not alter the common law rule that she is presumed to have authority to act for her husband in such matters, and that she is presumed to act in pursuance of such authority and not on her own account. * * *"

After having given certain written instructions, the court gave an oral charge which it is now earnestly insisted was erroneous, and that the giving of this oral charge was a prejudicial error which calls for the reversal of the case.   This oral charge was as follows:

"Gentlemen of the jury, the old common law is that a husband is absolutely liable for all necessaries

for both his wife and family, but the law has been changed, and where a wife makes a contract to purchase goods on her own credit, then she is liable for those goods, and not her husband. The last Legislature went so far as to put that into the form of an act, giving a married woman power to sue and be sued the same as if she were a single woman; that was only in furtherance of a decision of the Supreme Court which had been previously rendered."

It may be said that this charge was unhappily phrased, in that it is somewhat argumentative in form; but we think it contained no erroneous statement of the law as it existed even prior to the passage of the act of 1915 referred to, which greatly enlarged the rights of married women. The bill of goods sued for was purchased before this act went into effect.

We think no prejudicial error could have resulted from this charge because the court had narrowed the issues in one of the written instructions by the following statement of the law:

"3.   You are instructed that if you find from the evidence that the plaintiff sold these groceries in reliance upon the credit of defendant's husband, then you will find for defendant, if, however, you find the fact to be that the credit was extended to the defendant herself and at her request, then you will find for the plaintiff."

Under this instruction the jury had only to pass upon the disputed question of fact, and as we have said the testimony was sufficient to support the verdict, we think no prejudicial error could have resulted. The judgment is affirmed.