McDANIEL v. JONESBORO TRUST COMPANY.

Opinion delivered January 22, 1917.

APPEALS FROM JUSTICE COURT—PLEADING SET-OFF IN CIRCUIT COURT.—
Kirby's Digest, § 4682, expressly excludes the right to present either
a counterclaim or set-off in the circuit court on appeal, when none was
presented before the justice of the peace from whose judgment the
appeal comes.

Appeal from Craighead Circuit Court, Jonesboro
District; *Gordon Frierson*, Special Judge; affirmed.

*H. M. Mayes*, for appellant.

Appellant was a married woman. She did not
purchase the property. The contract was not for her
separate estate, business or services. She signed merely
as surety for her husband and is not bound. 103
Ark. 246; 146 S. W. 499; 66 Ark. 117; 49 S. W. 491;
108 Ark. 151; 156 S. W. 1023.

*Basil Baker* and *Horace Sloan*, for appellee.

1. No set-off or counterclaim was filed in the
justice's court. Kirby's Digest, § 4682; 44 Ark. 376;
77 *Id.* 237.

2. Rosa McDaniel was the maker of the note and
Whipple the surety. 92 Ark. 604. The jury found
that she purchased the property. The evidence was
conflicting, and this court will not disturb it.

McCULLOCH, C. J. This action was instituted
before a justice of the peace of Craighead county to
recover on a promissory note in the sum of $269.78,
executed by the defendants to the plaintiff. There was
a judgment rendered by the justice in favor of the
plaintiff, and Mrs. Rosa McDaniel, who is the appellant
here, took an appeal to the circuit court, where the
case was tried *de novo* before a jury, and a verdict was
returned against her and judgment was rendered accord-
ingly.

The note was executed by Mrs. Rosa McDaniel
and her husband, George McDaniel, and also by J.
H. Whipple, as surety. The note was in renewal of
another note formerly executed by the same parties

in the same capacity to the Bank of Jonesboro, and assigned by the payee to the plaintiff, Jonesboro Trust Company. At or about the time of the execution of the original note, a lot of personal property was purchased from Whipple by Mrs. McDaniel, as the evidence adduced by the plaintiff tends to show, and the note was executed for borrowed money which was used in paying Whipple for the price of the said property so purchased.

The appellant, Mrs. McDaniel, pleads her coverture and alleges that the purchase of the property from Whipple was made by her husband and that she signed the note only as surety. The evidence is conflicting on that point, and the court correctly submitted that issue to the jury in conformity with the decisions of this court. *Vandeventer* v. *Davis*, 92 Ark. 604. Appellant and her husband executed a mortgage to Whipple on other property to idemnify him against loss as surety, but that mortgage is not involved in the present suit. There was sufficient evidence to sustain the finding that appellant was the purchaser of the property and the principal maker of the note, and that issue must be treated as settled by the verdict of the jury.

On the trial of the case in the circuit court, the defendants offered to introduce evidence in support of a set-off in favor of Mrs. McDaniel, but the court refused to allow the evidence on the ground that neither a set-off nor a counterclaim was pleaded in the justice court. The record shows, as was found by the trial court, that there had been no counterclaim nor set-off pleaded before the justice. Therefore the court was correct in refusing to permit such an issue to be introduced in the case and testimony to be adduced in support thereof. The statute on that subject, regulating appeals from justices of the peace to the circuit court, provides: "The same cause of action, and no other, that was tried before the justice shall be tried in the circuit court upon the appeal, and no set-off shall be pleaded that was not pleaded before the justice, if the

summons was served on the person of the defendant."
Kirby's Digest, § 4682. The statute just quoted expressly excludes the right to present either a counterclaim or set-off in the circuit court on appeal when none has been presented before the justice of the peace. Therefore the trial court was correct in its ruling.

There are other reasons urged in the brief of appellees in support of the court's rulings, but it is unnecessary to discuss them.

There is no error found in the record, and the judgment is therefore affirmed.