WOFFORD *v.* DeQueen Real Estate Company.

Opinion delivered December 22, 1919.

1. APPEAL AND ERROR—WHO MAY NOT COMPLAIN.—In a suit by real estate brokers to recover a fee of $1,500 for procuring a purchaser of land where the jury found in favor of the plaintiffs, defendant can not complain on appeal because the jury gave plaintiffs only $400, when they were entitled to the amount sued for.

2. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—A verdict of the jury rendered under correct instructions and upon conflicting evidence is conclusive on appeal.

3. TRIAL—FORM OF VERDICT.—An instruction that if the jury find for plaintiffs their verdict shall be, "We, the jury, find for the plaintiffs (and write therein any sum which you may so find)," was in usual form and good against general objection.

4.   APPEAL AND ERROR—HARMLESS ERROR.—An instruction on the form
of verdict, erroneous as permitting the jury, if they returned ver-
dict in favor of plaintiffs, to find for them in a less sum than
they were entitled to was harmless to defendant.

Appeal from Sevier Circuit Court; *James S. Steel,*
Judge; affirmed.

*J. S. Lake* and *B. E. Isbell,* for appellant.

1.   The evidence is insufficient to support the ver-
dict.   If plaintiffs were entitled to anything the jury
should have found for the full sum of $1,500, or nothing.
The jury could not legally disregard the undisputed evi-
dence.   96 Ark. 42; *Ib.* 500; 101 *Id.* 536; 116 *Id.*
82.   The verdict rests purely on speculation or conjecture
and should not stand.   114 Ark. 112; 116 *Id.* 82; 117 *Id.*
638; 174 S. W. 547.

2.   There is no evidence that the contract was
changed or modified.

3.   The court erred in its instructions given and re-
fused.   They were misleading, prejudicial and errone-
ous.

4.   There was no consideration for the change in
contract, and really none was made.   34 Ark. 44; 122 *Id.*
169; 112 *Id.* 226; 111 *Id.* 223.   A verdict should have been
directed for defendant.

*Abe Collins,* for appellee.

1.   The only issue is whether or not appellee en-
tered into the contract with Pemelton.   The evidence is
sufficient to sustain the verdict, and appellant can not
complain because the jury were too lenient.   78 Ark. 275;
122 *Id.* 530.

2.   The instructions are correct and there was no
error in admitting evidence.   Only general objections
were made to any of the instructions.   66 Ark. 264; 70
*Id.* 558.   Specific exceptions should be made.   89 *Id.* 24.

3.   One can not complain of errors to his benefit.   5
Ark. 408; 26 *Id.* 142; 89 *Id.* 195; 78 *Id.* 275; 122 *Id.* 530.

4.   Parties to a contract may, by new agreement,
change the terms thereof and the new undertakings will
support it.   112 Ark. 223.

WOOD, J. This suit was instituted by J. S. Whitten, W. M. Gilstrap and H. K. Ford, partners doing business under the firm name of DeQueen Real Estate Company, against **J. A. Wofford.**

It was alleged in the complaint that Wofford was indebted to the plaintiffs in the sum of $1,500 for commission earned by the plaintiffs in selling a farm for the defendant, Wofford. It is alleged that under the contract the farm was listed by the defendant with the plaintiffs to be sold at the net price of $11,000 and that if plaintiffs should succeed in selling the place for an amount greater than $11,000 they were to receive all in excess of that sum as a commission. They further allege that they had found a purchaser who was ready, willing and able to purchase the place for the sum of $12,500 and that the defendant refused to carry out his contract and to accept the purchaser to whom the plaintiffs had contracted to sell the farm, all to plaintiffs' damage in the sum of $1,500, for which they asked judgment.

The defendant in his answer admitted that he had listed the farm with the plaintiffs for sale but alleged that under the agreement he specifically stipulated he must have as much as $3,000 of the purchase money in cash. He denied that this sum or any other sum in cash was ever offered to him by the plaintiffs or anyone else for them and he offered to deed the farm to the purchaser named by the plaintiffs if the sum of $3,000 was paid to him and reasonable arrangements made for the deferred payments.

Upon the above issue evidence was heard and the cause was submitted to a jury, under instructions, which returned a verdict in favor of the appellees in the sum of $400, for which sum judgment was entered in their favor. From that judgment is this appeal.

The appellant contends that under the undisputed evidence if the farm was sold at all by the appellees it was sold for the sum of $12,500 and that the verdict, therefore, should have been for the full sum of $1,500 or

nothing; that there is no evidence to sustain a verdict for the sum of $400.

The appellees introduced a contract executed by the DeQueen Real Estate Company and one G. H. Pemelton, by which the company sold to Pemelton the Wofford farm. The contract recites a consideration of $12,500, of which $1,500 was cash in hand and the balance to be paid on receipt of the abstract of title and upon the execution of a warranty deed to anyone whom Pemelton might name. The contract specified the amount of the deferred payments and when they were to be made. The contract among other things recited, ''Cash payment, above referred to, to be held by the party of the first part until the abstract of title is inspected by the party of the second part,'' and, should it be impossible for the party of the first part to·make a good title, the cash payment was to be refunded. This contract was executed on September 2, 1918. On the same day Pemelton executed to the DeQueen Real Estate Company a bill of sale to an automobile, a pair of mules, a set of harness, bonds and stamps, all for the aggregate sum of $1,350, cash in hand paid.

The testimony of the appellees was to the effect that they executed the contract as above set forth; that Wofford said for appellees to go ahead and sell the farm on those terms; that after making the contract Pemelton turned over his car and gave the bill of sale to the other personal property. Appellees were going to send for the mules and he was to mail the stamps. After the contract was executed with Pemelton appellees presented it to Wofford and he said it was all right except he wanted another $1,000 in cash. Wofford told appellees that he was to be paid $2,000 in cash and stamps and bonds $150, but that he couldn't take the other stuff and appellees told him they would take it and he said it was all right.

The testimony for the appellant tended to show that he made a verbal contract with the appellees to sell his farm; they were to have all they could sell it for over $11,000. The appellant was to have one-third of the sale

price of $11,000 in cash and balance upon such terms as might be agreed upon. The appellees never offered appellant any cash. Appellant denied that he approved the contract entered into between the appellees and Pemelton. Appellant's testimony was to the effect that he looked over it and told Gilstrap, who brought the contract to him, that he would not accept it at all; that he told Gilstrap that he would have to get the money or he would call the deal off; that they paid him nothing, but that if they would get him the money he would close up the deal.

Appellees claim that appellant had authorized them to sell the place on a credit.

It is true that under the undisputed evidence if appellees had procured a purchaser for appellant's farm who was ready, willing and able to buy upon the terms agreed upon between the appellees and appellant, appellees were entitled to the full sum of $1,500, instead of $400 awarded them by the verdict of the jury. But the fact that the jury returned a verdict in favor of the appellees shows that the jury believed and accepted the testimony of the appellees rather than the testimony of appellant on the disputed issue as to whether or not appellees had procured a purchaser who was ready, willing and able to buy upon the terms agreed upon between appellant and appellees. Since the jury found for the appellees on this issue, appellant is in no attitude to complain because the jury by their verdict gave the appellees only $400 when they were entitled to $1,500. As is said in *Stiewel* v. *Lally*, 89 Ark. 195-209, "Appellant cannot complain of this leniency shown him by the jury." See also *Arnold* v. *McBride*, 78 Ark. 275-8; *Shapard* v. *Mixon*, 122 Ark. 530-42.

The appellant further complains that there was no evidence to warrant the jury in finding that the appellant agreed to sell the place according to the terms of the contract which the appellees entered into with Pemelton. But an examination of the testimony set forth in the record, which it could serve no useful purpose to discuss in de-

tail, convinces us that this was purely an issue of fact which was sent to the jury under instructions of the trial court which correctly declared the law.

The principal issue in the case under the evidence is whether or not the appellant authorized the appellees to sell his farm to Pemelton upon the terms set forth in the contract between the real estate company and Pemelton, which the appellees introduced in evidence.

The testimony, as we have shown, was in sharp conflict upon this issue, but as it was submitted under correct instructions, and the verdict of the jury is conclusive here, we find no error in the rulings of the court in the admission of testimony or in the granting and refusing prayers for instructions.

Appellant contends that the court erred in instructing the jury as to the form of the verdict, which instruction is as follows:

"If you find for the plaintiffs, your verdict will be: We, the jury, find for the plaintiffs (and write therein any sum which you may so find)."

Only a general objection was made to the instruction; it is in the usual form.

Appellant urges here for the first time that the instruction was erroneous for the reason that it permitted the jury if they returned a verdict in favor of the appellees to find for them in a sum less than they were entitled to under the undisputed evidence. But, as we have already shown, this instruction in this form could not have been prejudicial to appellant, because it authorized the jury, if they found in favor of the appellees, to return a verdict in a much less sum than the appellees were entitled to recover if they were entitled to recover at all.

If the appellant conceived that he was prejudiced by the instruction, he should have made his objection specific by requesting the court to tell the jury that if they found in favor of the appellees they should return a verdict in the sum of $1,500.

Appellees under the undisputed evidence are the only parties who were entitled to complain of the instruction as to the form of the verdict, and they are not appealing.

We find no errors in the record prejudicial to appellant, and the judgment is, therefore, affirmed.