SARAH FALK, as Executrix of the last Will and Testament of MORRIS FALK, deceased, *Plaintiff in Error,* v. L. SALARIO, P. BUFFA, J. L. DRANE, J. P. LOPEZ, JOSE M. DIAZ, RAFAEL RAMOS, DONATO ZENBER, E. K. SOLOMON, JOSE R. COLMENARES, DANIEL CRACOWANER, ALEX HECHT, ELIAZ MUNIZ, I. LIEBERMANN, JOSE SUAREZ, JR., and ANGEL ALONSO, *Defendants in Error.*

146 So. 193.

En Banc.

Opinion filed January 24, 1933.

*Macfarlane, Pettingill, Macfarlane & Fowler,* for Plaintiff in Error;

*Caraballò, Graham & Cosio, George B. Graham* and *Harry N. Sandler,* for Defendants in Error.

ELLIS, J.—The original declaration was upon a promissory note of L. Salario. Fourteen other persons were joined as defendants upon the allegation that Salario in executing the note acted for himself and them and each of them. The breach alleged is that neither of the defendants paid the note, wherefore on account of its terms the defendants jointly and severally owe the debt and are obligated to pay attorneys' fees because the note has been placed in the hands of an attorney for collection.

Two of the defendants, Buffa and Cracowaner, who did not sign the note demurred separately to the declaration.

Three years afterward, the plaintiff having died a few days after the demurrers were interposed, his widow, as executrix of his will, filed a suggestion of her husband's death and sought the revival of the action in her name as executrix. A few days afterward she filed in the same court, which was the Civil Court of Record, a declaration which is entitled "Amended Declaration."

The declaration itself does not purport to be an amendment but, on the contrary, it is an original declaration for the purchase price of land alleged to have been sold by plaintiff's testator and I. Berner to all of the defendants and other persons unknown as joint adventurers, who purchased the property through Salario acting for all of them as trustee. It is alleged that payment of part of the purchase price of the land was evidenced by promissory notes executed by Salario and given to each of the vendors and to secure the payment of the notes Salario and his wife executed a mortgage upon the land; that one of the notes for $3,000 was made payable to plaintiff's testator. That note was referred to as having been attached to the first declaration and attempted to be made a part of the new declaration "as if set out herein *in haec verba.*" A copy of the mortgage is also alleged to be attached to the new declaration and "marked Exhibit 2 and hereupon made a part hereof as if set out herein *in haec verba.*" But a copy of that mortgage is not attached to the declaration.

The new declaration also seeks as damage reasonable attorney's fees, which in the Salario note he agreed to pay if "said note was placed in the hands of an attorney for collection."

The action therefore set up in the new declaration is for the breach of an implied promise of fourteen of the defendants and others unknown and the express promise of one of the defendants to pay the purchase price of land which as joint adventurers all of them agreed to buy and did buy in the name of Salario for the benefit of all of them, and for the breach of the express promise of Salario to pay attorney's fees if the note (the express promise of Salario) should be placed in the hands of an attorney for collection. Nine of the defendants, including Salario, demurred to the

declaration. Seven joined in one demurrer, while Hecht and Salario interposed separate demurrers.

The court sustained the demurrers, and the plaintiff, declining to amend the declaration, judgment was entered against her that she take nothing by her declaration.

There has been much discussion in the briefs as to the difference between a form of action and a cause of action. The plaintiff in error contending that while the two declarations showed a difference in the form of action there was no difference in the cause of action because each declaration was in reality based upon the same transaction as to the indebtedness arising from which the note of Salario was but the written evidence. · That contention is largely an assumption gathered from the allegations of the second declaration concerning the transaction out of which the promissory note of Salario emerged, but the fact remains that the first declaration rested upon the failure to pay a promissory note which was the cause of action behind that declaration. The cause of action behind the second declaration was the failure to pay a debt alleged to have been contracted by fifteen or more people for the purchase of land the express promise of one of them to pay the debt and attorney's fees.

The action declared on in the first declaration could not have been maintained against the fourteen defendants who did not sign the note. Merely naming them as being liable on the note and causing them to be brought into court did not alter the action as being one for damages for breach of the express promise to pay. The facts essential to the maintenance of the second declaration were unessential to support the former, if indeed it stated a case at all.

One is not bound by a promissory note executed by another but not by him merely because part of the consideration for which the note was given flowed to him who did

not sign. Bingham v. Kimball, 33 Ind. 184; Wright v. Mc-Kitrick, 2 Kan. 508, 43 Pac. Rep. 977; Sanborn v. French, 22 N. J. 246.

There was a consideration for the note sued upon although it did not pass to the maker. There was a consideration for the note although its purpose was to accommodate the other defendants. 8 C. J. 257.

It was not necessary to the validity of the note that the consideration benefitted the maker if it benefitted others not parties to the note or was a detriment to the payee. See 8 C. J. 214; Deering v. Veal, (25 Ky. 1809) 78 S. W. Rep. 886; Vandeventer v. Davis, 92 Ark. 604, 123 S. W. Rep. 766.

The second declaration rested upon an entirely different cause of action. It arose upon an alleged breach of an implied promise to pay for lands the conveyance of which to Salario benefitted them.

The demurrers were properly sustained.

Affirmed.

DAVIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.