PEARSON, TILLMAN, Judge.
The appellant sustained damage in an automobile collision between his car and one he claimed was being operated by an employee of House & Garden Furniture Company in the scope of his employment. In response to the claim made on what appellant thought was the liability insurance carrier of House & Garden, he was issued a check of the Maryland Casualty Company in the amount of $759.86; and he executed and delivered the release required of him. Upon deposit of the check it was returned stamped “Payment Stopped.” A letter to appellant from the local manager of Maryland Casualty Company stated in part as follows:
“I would refer you to our Draft No. B 294794 issued May 23rd, 1961 which we forwarded recently.
“I am advised by long distance phone call, and by our Home Office that the coverage information which we were originally given was imperfect, and the policy of insurance which we had with House & Garden Furniture Company expired and was not renewed in the Maryland Casualty Company.
“Accordingly, we stopped payment on the check which we issued in the amount of $759.86.”
The suit out of which this appeal arose was begun by appellant’s complaint at law upon the check. Defendant-Appellee, Maryland Casualty Company, answered ad *582 mitting the issuance of its “draft”, but setting out its contention that such draft was issued “ * * * as a result of error.” It further alleged by way of legal conclusion that “ * * * there was no consideration for the draft * * *.”
All of the facts above summarized appeared without genuine issue upon appellant’s motion for summary judgment. The trial judge entered summary final judgment for the defendant-company. No point is raised as to the procedure employed. The question of law is whether after a release taken and check issued in settlement of a claim, an insurance company can cancel the transaction by voiding the check upon the ground of the company’s erroneous initial determination of coverage. We hold that the transaction may not be unilaterally cancelled after consummation and reverse.
It is important to note that we are not considering here a case where an insurer is claiming recovery for payment made to its insured. Under such conditions the unilateral character of the insurance company’s mistake as to the termination date of the coverage would be less forcefully presented. As set out above, we here deal with a mistake by the company about which the payee could have had no knowledge.
Secondly, we are not here concerned with a suit for restitution upon equitable principles. In such an action the determinative issue might well be whether after the receipt of the payment, circumstances so changed as to make it inequitable to require the payee to make full restitution. See cases collected at 167 A.L.R. 470.
The defendant-appellee has offered two reasons why it should not be liable on its check: (1) its mistake in its own interoffice records; (2) the conclusion that since it was a volunteer (though impelled by a belief that it was bound to a third person — its former policyholder) its check was unenforceable because it was given for no consideration.
Although some authorities on the law of contracts have indicated that unilateral mistake may be a ground for equitable relief [See 3 Corbin, Contracts § 608, at 670 (1960)], we do not think that it is such in Florida upon the present status of the law. O’Neill v. Broadview, Inc., Fla.App.1959, 112 So.2d 280. Because the mistake as such is not a ground for equitable relief, it cannot be said to present a defense in this law action. See § 52.20, Fla. Stat., F.S.A.
We turn then to defendant-ap-pellee’s second conclusion that since it was a volunteer, its check was unenforceable because it was given for no consideration. It is not necessary, however, that consideration be a benefit to the maker to support a negotiable instrument. See Falk v. Salario, 108 Fla. 135, 146 So. 193; Mangus v. Present, Fla.1961, 135 So.2d 417. In this instance plaintiff-appellant’s release was a sufficient consideration at the time of the making of the check, even though it proved to be of no benefit to defendant-appellee.
The company, however, argues that since the release was returned, it has the right to take its money back. This sort of unilateral cancellation ought not be enforced in law. It completely overlooks two limitations upon the right of recovery of any party acting under a mistake of fact: (1) Recovery will only be allowed the paying party if payment has not placed the other party in a changed position so that it would be unjust to require refund. Hathaway v. Delaware County, 185 N.Y. 368, 78 N.E. 153, 13 L.R.A.,N.S., 273 (1906); and (2) The mistake may not result solely from the want of such care and diligence as would be exercised by persons of reasonable prudence under the same circumstances. Moore v. Wesley E. Garrison, Inc., 148 Fla. 653, 5 So.2d 259; Johnson v. Green, Fla.1951, 54 So.2d 44.
Accordingly, the judgment is reversed with directions to enter judgment for the plaintiff.
Reversed.