YOUNG *v.* HINER.

Opinion delivered March 12, 1904.

72 | 299
80 | 358

1. INFANCY—DOMICIL.—The last domicil of a deceased father of a minor son remains the domicil of the son, and cannot be changed by his act until he reaches his majority. (Page 303.)

2.  SAME—ORDER REMOVING DISABILITIES—CONCLUSIVENESS.—Where the circuit court, in removing a minor's disabilities, found that he was a resident of the district of the county in which the court was held, and so stated in its order, its jurisdiction in this respect cannot be collaterally attacked.  (Page 304.)

3.  SAME—APPEARANCE.—Where a minor, being a resident of the district of the county, testified in a proceeding to remove his disabilities, he will be held to have appeared and subjected himself to the court's jurisdiction.  (Page 304.)

4.  JUDGMENT—CONCLUSIVENESS.—Where the record of an order removing a minor's disabilities shows that it was made by the court, and not by the judge, such record is conclusive. (Page 304.)

5.  FRAUD—INNOCENT PURCHASER.—Where an order removing a minor's disabilities was regular on its face, the title of persons who have bought the minor's land from his grantee in good faith and for value, relying upon such order, cannot be invalidated by proof that the order removing such disabilities and the minor's deed were obtained by fraud.  (Page 304.)

Appeal from Sebastian Circuit Court in Chancery.

STYLES T. ROWE, Judge.

Affirmed.

*H. N. Smith* and *Chas. E. Warner,* for appellant.

The order removing the minor's disabilities did not give him power to make a valid conveyance.  48 Ark. 642; 32 Me. 102; 4 Johns. Ch. 549; 9 Tex. 109.  The recital of notice does not appear of record. 55 Ark. 35; 52 Ark. 376; 6 How. Pr. 161.  A domestic judgment entered upon the unauthorized appearance of an attorney is void.  30 Kans. 106; 12 Cal. 46; 28 Ia. 196.  The want of jurisdiction may be set up at any time.  48 Ark. 156; 62 Ark. 143.  The judge is the court.  18 Civ. Pro. Rep. (N. Y.) 186; 121 N. Y. 678.  What is a court.  2 Ark. 256; 20 Ark. 78. The said order was void in its inception for fraud, and conferred no right upon anyone.  20 How. 544; 14 Pet. 118; 117 U. S. 180; 1 Story, Eq. § 252; 48 Ark. 309; 49 Ill. 53; 42 Ark. 227; 47 Ark. 288; 60 Ark. 531.  The doctrine of an innocent purchaser has no application, and cannot be invoked.  54 N. Y. 249; 26 Minn. 389; 11 Cush. 42; 51 Vt. 79; 102 U. S. 300; 32 N. H.

101; 19 Vt. 505; 10 N. H. 184; 5 Sandf. 224; 1 Johns. Cas. 127; 21 Ark. 592; 49 Ark. 397; 52 Ark. 344; 81 Tex. 644; 47 Mo. App. 144; 1 Pars. Cont. § 322. Where an infant avoids on the ground of his disability, he is not required to put a party *in statu quo,* nor pay any sum as a condition precedent to his right to avoid. 44 Ark. 296; 47 Ark. 456; 51 Ark. 299; 39 Ark. 364; 10 Pet. 73; 97 Mass. 514; 100 Ill. 361; 100 Mass. 176; 110 Mass. 399; 27 Vt. 268; 15 Gratt. 329; 60 N. Y. 553; 21 Ark. 592.

*Hill & Brizzolara,* for appellees.

The domicil of the father is the domicil of the child. 16 Ark. 377; 29 Ark. 280; 112 U. S. 452; 8 So. 722; 45 Mo. App. 415; 49 Fed. 257; 11 S. W. 892; Rodgers, Dom. Rel. § 656-666. The entry of a judgment is merely ministerial. 1 Freeman, Judg. § 38; 1 Black, Judg. § 109. A purchaser for value without notice of fraud is protected against it. 12 Ark. 218; 18 Ark. 172; 23 Ark. 258; 30 Ark. 417; 31 Ark. 163; 46 Ark. 542; 49 Ark. 20; 50 Ark. 314; 60 Ark. 425; 67 Ark. 325; 25 Ark. 225. The doctrine of an innocent purchaser applies. 70 Ky. 298; 125 Mo. 474; 17 Texas, 342; 38 Ark. 278; 42 Ark. 330. The doctrine of disaffirming an infant's trade does not apply here. 63 Ark. 151; 81 Tex. 644; 47 Mo. App. 144. A minor is not required to return a consideration unless he has had it in hand. 167 U. S. 327; 51 Ark. 295; 62 Ark. 316; 24 Ala. 420; Sand. & H. Dig. § 2590; 48 Ark. 183. A guardian cannot maintain this action. 31 Ark. 364; 21 Ark. 592. The appearance cited by the record is sufficient upon collateral attack. 95 Mich. 581; 42 N. Y. 26. Appellees are *bona fide* purchasers, and entitled to protection. Kerr, Fraud & Mistake, 312; Warvelle, Vendors (2d Ed.), § § 606-611; 67 Ark. 325; 49 Ark. 416; Freeman, Judg. § 513.

BATTLE, J. Robert A. Young, as guardian of John Rollinson, a minor, brought this suit against Martha L. Hiner, Andrew and James Grier and others, to set aside an order removing the disabilities of his ward, and to set aside a deed executed by his ward to Martha L. Hiner, a deed made by her to Andrew and James Grier, and deeds made by them to others. The defendants answered his complaint.

The facts in the case are substantially as follows: John Rollinson and his wife were the parents of a minor son, named John Rollinson. The wife died, and not long after her death John Rollinson, the father, departed this life, leaving surviving him his son, John Rollinson, who was then about five years old. At the time of his death, and many years before then, he resided in the city of Fort Smith, in the Fort Smith district, in Sebastian county, in this state. After the death of the father the son continued to reside in Fort Smith for several years, living with his aunt, and moved with her out of the Fort Smith district, to Huntington. Finally, he left his aunt, and thereafter lived with different persons, and had no permanent place of abode. While abiding in Huntington, in the Greenwood district, in Sebastian county, he went to Fort Smith with O. M. Harwell, an attorney, and filed his petition in the Sebastian circuit court for the Fort Smith district, asking that his disabilities as a minor be removed. The statute under which he sought to have his disabilities removed is, in part, as follows:

"They [circuit courts] shall have power to authorize any person who is a resident of the county, and under 21 years of age, to transact business in general and any particular business specified in like manner and with the same effect as if such act or thing was done by a person above that age; and every act done by a person so authorized shall have the same force and effect in law and equity as if done by a person of full age." Sand. & H. Dig. § 1119.

The petition was heard. Rollinson testified that he was 18 years of age, when in fact he was only a few months past 15, which he says he was prompted to do by Harwell. After some hesitation and delay the court granted the petition. The order removing his disabilities is as follows:

"John Rollinson, *ex parte* petition. On the 14th day of January, 1896, comes on to be heard the petition of John Rollinson, a minor of the age of 18 years, praying that his disabilities be removed, and that he be authorized and empowered to contract in regard to his property and transact business generally, as if he was of full age. And the court, having heard the testimony adduced in support of said petition, and being well and sufficiently advised in the premises, finds that the said John Rollinson is of

good moral character, and of sufficient intelligence to contract with reference to his own property; that he has property in the Fort Smith district of Sebastian county and elsewhere in the state of Arkansas, and that he is a resident of the Fort Smith district of Sebastian county, Ark. It is therefore considered, ordered and adjudged by the court that the said John Rollinson be, and he is hereby authorized and empowered to act with reference to all of his property situated within the Fort Smith district of Sebastian county as a person of full age, either to convey, mortgage or release, but said authority shall apply to no other property except that situated in the Fort Smith district."

An effort was made to show that this order was made by the judge, and not by the court.

After this Rollinson conveyed certain lands in the Fort Smith district that belonged to him to Mrs. Martha L. Hiner. The deed purported to have been executed for a valuable consideration, when in fact it was without consideration, and was procured by fraud. Mrs. Hiner, for a valuable consideration, sold and conveyed the lands to Andrew and James Grier, and they paid for the same without any notice of the fraud or want of consideration; and they sold and conveyed parts of the lands to other persons, defendants in this suit.

The court found that "fraud was perpetrated upon John Rollinson," and that the Griers and those claiming under them were innocent purchasers, and were not affected by any fraud upon Rollinson, and dismissed the complaint, and plaintiff appealed.

It is contended that the circuit court of Sebastian county for the Fort Smith district did not have jurisdiction of John Rollinson at the time it undertook to remove his disabilities as a minor, because he was not a resident of that district, and for that reason the order made for that purpose is void. But the last domicil of the deceased father was in that district, and by reason thereof it was the legal residence of the minor son, John Rollinson, and according to the general rule, so remained, and could not be changed or removed by his own act until he reached his majority. *Grimmett* v. *Witherington*, 16 Ark. 377; *Johnston* v. *Turner*, 29 Ark. 280; *Lamar* v. *Micou*, 112 U. S. 452; *Allgood* v. *Williams*, 8 So. Rep. 722. And see *Lamar* v. *Micou*, 114 U. S. 218. But

there may be exceptions to this rule. Whether there be, and, if so, what they are, it is not necessary for us to determine in this case. But it was necessary for the trial court, before it could remove the disabilities of Rollinson as a minor, in determining its jurisdiction to do so, to find that he was legally a resident of the Fort Smith district. It did so, and found that he was such resident, and so stated in the order made for that purpose; and its jurisdiction cannot be collaterally attacked in that respect. *McLain* v. *Duncan,* 57 Ark. 49; *Porter* v. *Dooley,* 66 Ark. 1; *Trimble* v. *Longworth,* 13 Ohio St. 431, 438; *Hammond* v. *Davenport,* 16 Ohio St. 177; *Railroad Co.* v. *Village of Belle Centre,* 48 Ohio St. 273; *Barnett* v. *Wolf,* 70 Ill. 76; *Harris* v. *Lester,* 80 Ill. 307; *Swift* v. *Yanaway,* 153 Ill. 202.

John Rollinson appeared before the circuit court at the time his petition was presented and heard, and testified, for the purpose of securing the relief asked, that he was 18 years old. He thereby appeared in the proceeding, and, being a resident of the district, subjected himself to the jurisdiction of the court.

Appellant argues that the order is void, because it was not made by the court, but by the judge. The record shows that it was made by the court, and it is conclusive evidence of that fact. 2 Black, Judgments (2d Ed.), § 364; 2 Freeman, Judgments (4th Ed.), § 410.

Evidence was adduced to show that the order and the deed to Mrs. Hiner were obtained by fraud perpetrated upon Rollinson. But, be this as it may, the evidence shows that the property in controversy was purchased by Andrew and James Grier from his grantee in good faith, and that they paid for the same without any notice of such fraud. The order being valid upon its face, sales made in the exercise of the authority and power thereby vested cannot be set aside so as to affect innocent parties. The public policy which requires stability of judicial records for the protection of those who acquire rights and property in reliance upon their conclusive effect, and for the peace of society, upholds such sales. *Boyd* v. *Roane,* 49 Ark. 411; *Reinhardt* v. *Nealis,* 46 S. W. Rep. 446; 2 Freeman, Judgments (4th Ed.) § 513.

Decree affirmed.