## Hargett *v.* Hill, Fontaine & Company.

### Opinion delivered January 8, 1912.

1. Appeal and error—conclusiveness of chancellor's findings.—A chancellor's finding of facts will be sustained on appeal unless it is clearly against the preponderance of the testimony. (Page 512.)

2. Homestead—when female child may abandon.—Under Const. 1874, art. 9, sec. 6, providing that if the owner of a homestead die leaving children said children shall be entitled to the rents and profits of the homestead "till each of them arrives at twenty-one years of age, each child's right to cease at twenty-one years' of age and the shares to go to the younger children," *held* that the homestead right of female children does not cease until they arrive at twenty-one years of age, so far as younger children are concerned, but when there are no younger children, a female child, may relinquish or abandon the homestead as soon as she reaches the age of eighteen years. (Page 512.)

Appeal from Greene Chancery Court; *Edward D. Robertson*, Chancellor; affirmed.

*J. N. Beakley* and *Huddleston & Taylor*, for appellant.
*Hawthorne & Hawthorne*, for appellee.

Wood, J. On the 20th day of October, 1903, one E W. Powell and his wife executed a deed to certain lots in Greene County to Hill, Fontaine & Company. The deed was also signed by the appellant, Winnie E. Hargett, who was then unmarried, and who was the daughter of E. W. Powell. This suit was brought by the appellant against the appellees to have appellees declared trustees for appellant for an undivided one-

half interest in the lands and to have the deed cancelled as a cloud upon appellant's title, and asking that a master be appointed with power to state an account as to rents, profits, taxes, etc.   The complaint set up that appellant derived title by inheritance from her mother, Mary M. Powell, who was the wife of E. W. Powell, and that E. W. Powell also obtained possession to a one-half interest in the lands through mesne conveyances from Mary Powell.   The complaint alleged that after the death of her mother appellant and her father continued to reside upon the lands as their home until the day the deed was executed by him as above mentioned; that she was a minor at the time, being only sixteen years of age, and that, although said deed purports to have been signed and acknowledged by her, in truth and in fact she had not signed the deed, nor did she authorize any person to sign her name to it, nor did she acknowledge it; that the deed as to her was wholly and entirely a forgery, and was null and void; that her father died on the 30th day of August, 1908.

She further alleged that, while her father was in possession of the lands, after the death of her mother, he fraudulently and wrongfully attempted to procure the title of appellant to the lands in controversy by letting the same forfeit for taxes and acquired title thereto through said forfeiture.

The answer was a denial of the allegations of the complaint, and set up that the plaintiff was of full age at the time the deed was executed, and that the defendants were innocent purchasers for value.

Two issues are presented by the pleadings; one of fact and one of law:   First, was the appellant eighteen years old on October 20, 1903, when the deed to appellees was executed? Second, the land in controversy being the homestead of appellant, conceding that she was 18 years of age, could she convey her homestead interest?

1.   The first question is purely one of fact.   The chancery court found that "Winnie Powell, on October 20, 1903, joined in the execution of said deed to Napoleon Hill and Nolan Fontaine, and at said time she was over eighteen years old, but further finds that she was under twenty-one years old, and that by her said deed she conveyed to said Napoleon Hill and Nolan Fontaine all her right, title and interest in and to" the lands in

controversy, (describing them). He further found that the lands constituted the homestead of appellant at the time she joined in the execution of the deed.

The testimony concerning the age of appellant is conflicting. It could serve no useful purpose as a precedent to set it out in detail and to give our reasons for the conclusion we have reached. We have examined the record carefully, and are of the opinion that the preponderance of the evidence is in favor of the chancellors's finding, and certainly it can not be said that his finding of facts is clearly against the weight of the evidence. This being true, his judgment quieting the title of the grantee of appellees as against the appellant must be affirmed. *Leonard* v. *Leonard, post* p. 522; *Greer* v. *Fontaine*, 71 Ark. 605; *Mooney* v. *Tyler*, 68 Ark. 314; *Whitehead* v. *Henderson*, 67 Ark. 200; *Hinkle* v. *Broadwater*, 73 Ark. 489; *Sulek* v. *McWilliams,* 72 Ark. 67; *Norman* v. *Pugh*, 75 Ark. 52.

2. Section 6, art. 9 of the Constitution of 1874, provides that if the owner of a homestead die leaving children said children will be entitled to the rents and profits of the homestead "till each of them arrives at twenty-one years of age—each child's right to cease at twenty-one years of age—and the shares to go to the younger children."

Section 10, art. 9, provides: "The homestead provided for in this article shall inure to the benefit of the minor children * * * after the decease of the parents."

Section 3756 of Kirby's Digest is as follows: "Females of the age of eighteen years shall be considered of full age for all purposes."

This section of the statute is a part of the act of 1873. It is contended by the appellant that the above provision of the Constitution of 1874 repealed the statute of 1873 in so far as the right of females over eighteen years of age to abandon the homestead is concerned.

Females over eighteen years of age have no right to convey the homestead privilege granted under the Constitution to another so as to deprive other children of the rents and profits or the use and enjoyment of the land constituting the homestead between the time when such female has arrived at the age of eighteen years and the time when she shall arrive at the age of twenty-one for the reason that no child's rights in the homestead

under the Constitution cease until it arrives at twenty-one years of age, and the share that each child has in the homestead when it arrives at twenty-one years of age goes to the younger children.

The homestead right of female children does not cease until they arrive at twenty-one years of age, so far as the rights of other children are concerned; but when there is only one child, and that child a female, she may relinquish or abandon her homestead right after becoming of age, for in such case she has the only right in the homestead, and she may dispose of it as she pleases after she becomes of age; and, under the above statute (section 3756 Kirby's Digest), she becomes of age for all purposes when she is eighteen years old. The homestead is a privilege which she may relinquish or abandon after arriving at that age so long as the rights of other children are not affected thereby. Of course, if there were other minor children, under the Constitution if she attempted to convey or relinquish her homestead right after becoming eighteen years old, she could not do so, for the rights of other children would be affected by her attempted relinquishment.

In this case, when the appellant conveyed the land in controversy to the appellee, she was *sui juris*; and as there were no other minor children to be affected thereby, her conveyance amounted to an abandonment or relinquishment of her homestead rights in favor of appellees.

The court did not err in dismissing, for want of equity, her complaint, in which she set up a claim against appellees for rents and profits, etc.

The decree is correct, and is affirmed.