## Bickle v. Turner.

### Opinion delivered April 8, 1918.

1. DISABILITIES—REMOVAL—CHANCELLOR—VACATION.—The chancellor is without authority to remove the disabilities of a minor by an order rendered in vacation.

2. DISABILITIES—VOID ORDER OF REMOVAL—DEED OF MINOR.—A chancellor issued a void order removing appellant's disabilities. Under it appellant executed a deed to certain real estate belonging to him. *Held*, the chancery court should cancel appellant's deed, and that it was not necessary for appellant to restore the consideration to the grantee.

Appeal from Cleburne Chancery Court; *George T. Humphries,* Chancellor; reversed.

*Geo. W. Reed,* for appellant.

1. A chancellor has no authority to remove the disability of minors. He had no jurisdiction of the person or subject-matter. Kirby's Dig., §§ 1309, 1286.

2. The chancellor's order was void. It was made in vacation and he was not sitting as a court. 2 Ark. 299; 20 *Id.* 77; 40 *Id.* 151; 96 *Id.* 274; 85 S. W. 633; 106 N. Y. Sup. 211, 216; 11 Cyc. 652-4; 39 Pac. 270; 22 Nev. 280; 116 Ark. 310.

3. The minor was not present. 51 Iowa 691; Brown on Jurisdiction, § 20 B.; 54 Ark. 627. The jurisdiction

must appear of record. Black on Judgments, § 279; 51 Ark. 39, etc.

4. The judgment was void. Black on Judgments, § 179. See also § 49 *Ib.* 216; 42 Am. St. 48; 62 Md. 146.

5. An infant may disclaim his conveyance. 103 Ark. 312; 38 *Id.* 278; 58 *Id.* 556.

6. He need not make restoration. 103 Ark. 312; 51 *Id.* 394. He is entitled to rents, etc. 85 *Id.* 556; 103 Ark. 294.

Acts 1913, p. 318, Kirby & Castle's Digest, § 1402, do not authorize a chancellor in vacation to remove disabilities.

*Rhoton & Helm,* for appellees.

1. The disability was legally removed. Act 82, Acts 1913, p. 319, § 1. No fraud was perpetrated. Appellees paid full value and the order was made by consent of all parties.

2. If void restitution should be made. 31 Ark. 364.

### STATEMENT OF FACTS.

Appellant brought this suit in the chancery court against appellees to set aside an order removing his disabilities as a minor and to set aside a deed executed by himself, when a minor, to appellees. The facts are as follows:

N. B. Bickle died intestate in Cleburne County, Arkansas, on the 24th day of November, 1909. He left a policy of insurance to his minor son, Marvin Bickle, which was invested in a forty acre tract of land in Cleburne County, Arkansas. On the 25th day of October, 1913, Marvin Bickle entered into a contract with W. E. and S. A. Turner to sell them the land for $250 in money and four head of horses. He had prepared a petition setting up these facts and asking that his disabilities as a minor be removed for all purposes and especially for the purpose of executing a deed to the land in question. His mother, in an affidavit attached to the petition of the

minor, stated that she believed the statements of the petition to be true and that her son's disabilities as a minor should be removed. The chancellor of the district in which Cleburne County is situated, was absent in Hot Springs, Arkansas, at the time. The attorney of the minor carried the petition there and presented it to the chancellor. On the 27th day of October, 1913, the chancellor prepared a decree granting the prayer of the petition. The decree recites that it was granted upon the petition of the minor, properly verified and supported by the affidavit of his mother. It was decreed that his disabilities as a minor be removed and that the clerk should enter the order on the records of the court. The petition recites that it should be presented to the chancellor in vacation and the decree shows that it was made and entered of record in vacation.

The appellant became of age on the 19th day of December, 1915. By that time he had spent the $250 which he received for the sale of the land and had sold the four horses for $240, which he had also spent.

The court dismissed the complaint of appellant for want of equity. The case is here on appeal.

HART, J., (after stating the facts).

Section 1309 of Kirby's Digest provides that circuit courts shall have power to authorize any person who is a resident of the county and under twenty-one years of age to transact business in general with the same effect as that done by a person of full age. This section of the statute has been held to be valid. *Hindman* v. *O'Connor,* 54 Ark. 627, and *Young* v. *Hiner,* 72 Ark. 299.

Section 1286 of Kirby's Digest provides that the chancery courts of this State shall have concurrent jurisdiction with the circuit courts to remove the disabilities of minors.

It will be remembered that under both of these statutes the jurisdiction is conferred upon the court and not upon the judge or the chancellor thereof in vacation. But

appellees seek to uphold the decree under an act to regulate the practice in chancery causes passed by the Legislature in 1913. They rely upon section 1 of the act. It is as follows:

"That a chancellor may deliver opinions and make and sign decrees in vacation in causes taken under advisement by him at a term of the court; and, by consent of parties, or of their solicitors of record, he may try causes and deliver opinions, and make and sign decrees therein in vacation. Such decrees, and all other orders and decrees which a chancellor may make in vacation shall be entered and recorded on the records of the court in which the cause, or matter is pending, and shall have the same force and effect as if made, entered and recorded in term time, and appeals may be had therefrom as in other cases." Acts of 1913, p. 318.

That act does not apply to proceedings to remove the disabilities of minors. The first part of the section provides that a chancellor may deliver opinions and sign decrees in vacation in cases taken under advisement by him at a term of court.

Next it is provided that by consent of parties, or of their solicitors of record, he may try causes and deliver opinions, and make and sign decrees therein in vacation. It is insisted that under this clause the minor might have had his petition to remove his disabilties presented to the chancellor and passed upon in vacation. We do not think so. The judicial emancipation of infants imposes upon courts grave responsibilities and when courts are called upon to exercise the power conferred upon them, they can only act in the manner prescribed by the statutes and they should see that the minor's interests are safe-guarded in every way that the statute prescribes. The power to remove the disabilities of minors was first conferred upon the circuit courts, and by a subsequent statute concurrent jurisdiction was given to the chancery courts to be exercised in the same way as provided for the removal thereof by the circuit courts. This confers jurisdiction upon

these courts to be exercised as provided by the statutes. The act of 1913, giving chancery courts the power to deliver opinions and make and sign decrees in vacation does not apply to proceedings of this kind. It is evident from the language used that such power is only conferred in cases where there are adversary parties or in cases taken under advisement by the chancellor at a term of the court. The minor did not even appear before the chancellor in the case under consideration.

It follows that the court erred in not setting aside the deed from appellant to appellees and in dismissing appellant's complaint for want of equity.

It is insisted, however, that even if the court erred in this respect, the relief asked for by appellant should not be granted unless there is a restoration of the consideration. The evidence shows that the infant had spent the money received by him for the land and if he should be required under such circumstances to restore the consideration as a prerequisite to avoid the contract, the protection given to an infant by the disabilities of minority would be seriously impaired and might often be destroyed. The reason that the contracts of a minor are voidable is because he is supposed to be improvident and likely waste what he has received. *Beauchamp* v. *Bertig,* 90 Ark. 351, and cases cited.

Therefore, the decree will be reversed and the cause remanded with directions to grant the prayer of the complaint and for further proceedings in accordance with law.