## CROOK v. HEIZER.

No. 17257. Opinion Filed Nov. 29, 1927.

Rehearing Denied Jan. 31, 1928.

(Syllabus.)

Judgment—Vacation of Default on Ground that Case Did not Regularly Stand for Trial—Motion Filed on Third Day of Succeeding Term—Verified Petition and Summons Unnecessary.

A motion to vacate a judgment on the ground that it was rendered before the case regularly stood for trial, filed on the third day of the succeeding term at which the judgment was rendered, is filed in time, and the court has jurisdiction to hear such motion without the filing of a verified petition and the issuance and service of summons as provided by section 812, C. O. S. 1921.

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; A. C. Brewster, Assigned Judge.

Action by F. M. Crook against W. O. Heizer. Judgment by default for plaintiff. From an order vacating the judgment, plaintiff appeals. Affirmed.

E. P. Neal, George Paschal, and Franklin H. Griggs, for plaintiff in error.

Allen, Underwood & Smith, and E. M. Lee, for defendant in error.

HERR, C. On the 26th day of October, 1925, a judgment by default was rendered against defendant in error in the district court of Tulsa County. The term of court expired on the last day of October. A motion to vacate the judgment was filed by defendant in error on the 3rd day of November. This motion was based on the third subdivision of section 810, C. O. S. 1921, the specific ground of the motion being that judgment was rendered before the case regularly stood for trial. A motion to quash the summons and the service thereof was filed by defendant in error out of time, by leave of the court, on the 27th day of August. No order was made by the court fixing a date for the hearing of this motion, and there was no rule of the court, then in force, fixing a particular time for hearing motions.

It is stated in the motion to vacate, and the court found, that an agreement existed between counsel that the motion to quash should not be taken up without notice. This motion was taken up on the 3rd day of September without notice to counsel for defendant in error, and overruled, and ten days allowed him to plead. On the 26th day of October, without notice to defendant in error that his motion to quash had been overruled, and without notice that the case was set for hearing, judgment by default was rendered against him.

The trial court, in hearing the motion, found that a valid defense existed to the cause of action pleaded by plaintiff in error; that the allegations set forth in the motion to vacate were true; granted the motion and permitted defendant in error to file his answer, which answer was exhibited with the motion. Plaintiff in error then asked and was granted ten days to reply. On the following day plaintiff in error filed his motion to vacate the order vacating the judgment, which was by the court denied. Plaintiff in error, who was plaintiff below, appeals.

Counsel contend that the court was without jurisdiction to vacate the judgment after the term at which it was rendered, for the reason that no verified petition was filed and no summons issued and served as pro-

vided by section 812, C. O. S. 1921. This section has no application where the motion is based, as in this case, on the third subdivision of section 810.

The latter part of section 811, C. O. S. 1921, provides:

"The motion to vacate a judgment, because of its rendition before the action regularly stood for trial, can be made only in the first three days of the succeeding term."

The statute further provides that a motion to vacate on the ground of irregularity in obtaining the judgment or order shall be by motion upon reasonable notice to the adverse party.

Under the facts as set forth in the motion and found by the trial court, it was not necessary to file a verified petition and cause summons to be issued and served. The court had jurisdiction. Its ruling was correct. Judgment should be affirmed.

BENNETT, JEFFREY, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 34 C. J. p. 258, §487; p. 324, §542; 15 R. C. L. pp. 690-696; 3 R. C. L. Supp. p. 485.