GILMORE *v.* UNION SAWMILL COMPANY.

Opinion delivered November 12, 1928.

*Goodwin & Goodwin,* for appellant.

*Gaughan & Sifford,* for appellee.

HART, C. J., (after stating the facts). Counsel for plaintiff rely for a reversal of the decree in this case upon the authority of *Tays* v. *Johnson,* 173 Ark. 223,

292 S. W. 122. In that case it was held that the decree removing the disabilities of the minor was open to collateral attack. The reason was that the judgment removing the disabilities of the minor in that case had been lost, and no effort was made to supply it at the trial. No presumption of jurisdiction in such case arises from the mere fact of its exercise. The reason is that the court, in removing the disabilities of a minor, exercises only a statutory power, and it is therefore incumbent upon one relying upon a decree of emancipation to show that the court had acquired jurisdiction under the law. 14 R. C. L., par. 6, page 219; and case-note in Ann. Cas. 1915D, page 490.

In *Hindman* v. *O'Connor,* 54 Ark. 627, 16 S. W. 1052, 13 L. R. A. 490, in recognition of these principles, it was held that the requirement of our statute that a person asking for the removal of his legal disabilities as a minor be a resident of the county in which is situated the court in which the application is made, is jurisdictional, and that the record should contain an affirmative recital of this fact. The reason is that the required residence is a condition precedent upon which the court may remove the disabilities of the minor, and no presumptions can be indulged in favor of the irregularity of the judgment. Such exercise of power is in derogation of the common law, and is a special power delegated under the statute. Therefore the facts giving jurisdiction to the court must plainly appear in the judgment of the court.

In *Young* v. *Hiner,* 72 Ark. 299, 79 S. W. 1062, it was held that the jurisdiction of the court could not be attacked collaterally on the ground that the minor was not a resident of the county in which the proceedings were had. In that case the judgment contained the recital required by the statute, and the court held that the court's jurisdiction could not be collaterally attacked.

That principle controls here. The decree of the chancery court removing the disabilities of the minor in the case at bar recited that he was a resident of

Union County; and was eighteen years of age. The trial court, upon proof heard, found that Gilmore was a resident of Union County, and that he was eighteen years of age. This was a necessary finding of the chancery court in determining its jurisdiction in the premises, and its jurisdiction cannot be collaterally attacked in that respect. The distinction is this: in the case of *Tays* v. *Johnson, supra,* there was no proof that the jurisdictional facts were recited in the decree removing the disabilities of the minor. Hence the court held that the judgment was subject to collateral attack. In the case of *Young* v. *Hiner, supra,* the jurisdictional facts did appear upon the face of the record, and, on that account, were held conclusive on collateral attack. In the case at bar the decree removing the disabilities of the minor, as we have already seen, contains a recital that the minor was eighteen years of age, and was a resident of Union County.

We conclude therefore that it was not subject to collateral attack, and the decree of the chancery court will be affirmed.