WILSON *v.* MAGNOLIA PETROLEUM COMPANY.

Opinion delivered March 24, 1930.

392

*Barber & Henry* and *Troy W. Lewis,* for appellant.

*Marsh, McKay & Marlin, Mahony, Yocum & Saye,* and *Patterson & Rector,* for appellee.

HART, C..J., This appeal is prosecuted to reverse a decree of the chancery court removing the disabilities of a minor for the purpose of signing an oil and gas lease with his adult brothers and sisters.

On June 12, 1923, Walter Wilson by next friend filed a petition in the Union Chancery Court, asking that his disabilities as a minor be removed in order to enable him to join with his adult brothers and sisters in executing an oil and gas lease. The chancery court granted the petition, and the decree recites that the petition was duly presented, and that, after hearing the testimony of witnesses, the court found that Walter Wilson was a minor over the age of eighteen years, and that he was a resident of Union County, Arkansas, that he was an owner of an undivided one-fifth interest in thirty acres of land in Union County, Arkansas, which is specifically described in the decree, that said Walter Wilson has no mother or father living, and is capable of attending to his own affairs. His disability of minority was removed for the purpose of enabling him to join with his adult

brothers and sisters in the execution of an oil and gas lease.

The record shows that the order removing his disabilities in all respects complied with the requirements of the statute as to age, residence and all jurisdictional matters as laid down in *Hindman* v. *O'Connor*, 54 Ark. 627, 16 S. W. 1052, 13 L. R. A. 490; and *Young* v. *Hiner*, 72 Ark. 299, 79 S. W. 1062.

It is first insisted that our statute conferring jurisdiction upon the circuit court and the chancery court to remove the disabilities of minors is unconstitutional. We do not deem it necessary to discuss this question for this court has decided in numerous cases including the ones cited above down to *Gilmore* v. *Union Sawmill Co.*, 178 Ark. 297, 10 S. W. (2d) 517, that the act is constitutional. No doubt numerous rights have grown up under these decisions, and the holding of the court has become a rule of property. Then, too, it may be stated that no good reason has been shown for overruling these cases.

It is next insisted that § 5745 of Crawford & Moses' Digest, providing that chancery courts shall have concurrent jurisdiction with the circuit court to remove the disability of minority in the same way and manner as provided for the removal thereof by circuit courts under § 5744 of the Digest, is unconstitutional, because it violates the provisions of article 5, § 29, of the Constitution which provides, in effect, that no act may be amended by reference to its title, but that the act, as amended, must be set forth at length. We do not agree with counsel in this contention. The two sections of the statute exist as separate and distinct legislative enactments. The later act in no manner attempts to amend or change the existing requirements as to the removal of the disabilities of minors. It simply confers the power upon the chancery court to remove their disabilities, and provides that it shall be done under an existing statute as to the procedure. In other words, it confers upon the chancery court the power to remove the disabilities

of minors, and provides the same procedure in executing the power as already existed in the case of circuit courts. *State* v. *McKinley*, 120 Ark. 165, 179 S. W. 181; *Farris* v. *Wright*, 158 Ark. 519, 250 S. W. 889; *Grable* v. *Blackwood*, 180 Ark. 311, 22 S. W. (2d) 41.

It is next insisted that the act conferring upon chancery courts the power to remove the disabilities of minors is unconstitutional. In making this contention, counsel rely upon the principle of law decided in *Hester* v. *Bourland*, 80 Ark. 145, 95 S. W. 992; and *Gladish* v. *Lovewell*, 95 Ark. 618, 130 S. W. 579, to the effect that under our Constitution the Legislature can only vest chancery courts with jurisdiction in matters of equity, and that the power to remove the disabilities of minors was not a matter of equity jurisdiction at the time of the adoption of the Constitution. We do not agree with counsel in this contention. In the first place a proceeding to remove the disability of minority is not strictly a judicial proceeding. At the common law, both men and women became *sui juris* at twenty-one years. There being no constitutional restriction, it became a matter of legislative will to fix the age at which minors reach their majority. 31 C. J. 986; and 14 R. C. L. 269, paragraph 43.

The Legislature provided, that males of the age of twenty-one years and females at the age of eighteen years shall be considered of full age for all purposes. Crawford & Moses' Digest, § 4986. In addition to fixing the period of minority by general law, it provided for the removal of such disabilities in special cases at a shorter period. Crawford & Moses' Digest, §§ 5744-5. The general rule is that when this power is conferred upon courts the exercise of the power is not strictly judicial in character. The reason is that it may be exercised by the Legislature itself, or be committed to other tribunals having no judicial authority. *Marks* v. *McIlroy*, 67 Miss. 545, 7 So. 408; and *Brown* v. *Wheelock*, 75 Tex. 385, 12 S. W. 111.

This court has in effect held that courts in cases like this act merely upon the status of the petitioner, and that its action is only *quasi*-judicial in the premises. For this reason it is necessary that the record of the court should contain an affirmative recital of all the jurisdictional facts upon which it acts. *Gilmore* v. *Union Sawmill Co.*, 178 Ark. 297, 10 S. W. (2d) 517.

In the second place, this court has always recognized the general jurisdiction of courts of equity from the time of their establishment over the persons and property of minors. *Myrick* v. *Jacks,* 33 Ark. 425; *Shumard* v. *Phillips,* 53 Ark. 37, 13 S. W. 510; and *Kirk* v. *Jones,* 178 Ark. 583, 12 S. W. (2d) 879.

In *Marvel* v. *State,* 127 Ark. 595, 193 S. W. 259, it was held that an action of the Legislature authorizing chancery courts to abate a nuisance caused by the selling of intoxicating liquors illegally is valid. In that case it was contended that chancery courts only had jurisdiction in cases where civil or property rights were involved. In the majority opinion the court held otherwise, and said that courts of equity had always had jurisdiction to abate public nuisances, and that the act in question had not conferred upon the chancery court any additional jurisdiction. It had only prescribed new conditions upon which the court might act. This court has expressly recognized the power of chancery courts under the statutes to remove the disability of minority. *Bickle* v. *Turner,* 133 Ark. 536, 202 S. W. 703; and *Gilmore* v. *Union Sawmill Co.,* 178 Ark. 297, 10 S. W. (2d) 517.

Finally, it is insisted that the court could not remove the disability of minority for the purpose of enabling the minor to sign an oil and gas lease on his homestead. In the case at bar, the minor was over eighteen years of age, as shown by the record, and was the youngest child. The court removed his disabilities so that he could join his adult brothers and sisters in the execution of an oil and gas lease on thirty acres of land which was the home-

stead of their deceased father. Under our Constitution, as construed by this court, infants are entitled to hold a homestead until the youngest child arrives at the age of twenty-one years, and the rights of the other children and of the widow yield to the rights of the infant. *Burel* v. *Baker,* 89 Ark. 168, 116 S. W. 181; and *Colum* v. *Thornton,* 122 Ark. 287, 183 S. W. 205.

It is insisted by counsel for appellants that, inasmuch as the minor was entitled to his share of the rights and profits of the homestead until he reached twenty-one years of age, his disabilities as a minor could not be removed for the purpose of allowing him to execute an oil and gas lease which might have the result of taking from him the greater part of his interest in the homestead. In *Hargett* v. *Hill, Fontaine & Co.,* 101 Ark. 510, 142 S. W. 1137, it was held that, while the homestead rights of a female child do not cease until she arrives at twenty-one years of age, she might relinquish or abandon her homestead as soon as she reached the age of eighteen years where there were no younger children. This was in recognition of the rights conferred upon her under our general statute removing her disabilities for all purposes, or, in other words, making her of full age when she arrived at eighteen years.

Reasoning by analogy, if the general statute making females of full age for all purposes at eighteen years enables them to sell or abandon their homestead rights, we cannot perceive why the statute which enables the court to remove their disabilities in special cases at a shorter period would not have the same result. In the case cited, the court held that the minor might relinquish her homestead rights because under the statute she had become of full age, and the disability of minority had been removed. In other words, she had become emancipated by a general act of the Legislature. In the instant case, the disabilities of the minor were removed for the express purpose of enabling him to sign the oil and gas lease under statutory authority conferred upon the court.

This order of the court emancipated the minor to the same extent as if the Legislature by a general act had fixed his majority at eighteen years, the same as it did the majority of females.

This was the effect of the decision of the court in *Grimes* v. *Luster*, 73 Ark. 266, 84 S. W. 223, 108 Am. St. Rep. 34. In that case it was held that where a father died possessed of a homestead, and leaving a widow and minor children, and the widow subsequently acquired a homestead in her own right, and died leaving one of such children still a minor, the latter is entitled to claim either homestead, but both cannot be enjoyed at the same time. It was further held that where a minor is entitled to claim either of two homesteads he cannot, unless his disabilities have been removed, waive, select or abandon either, and it becomes the duty of his guardian, under the superintending control of the probate or other competent court, to make the selection for him. In that case the court held that an election could be made of one homestead to the exclusion of another. The court further said that such selection could not be made by the minor, as he was incapable of this, just as he was incapable of managing and controlling his other property and rights. It will be seen that his right to act in the case of a homestead was placed upon the same basis as his right to act about his other lands, and that was solely upon the ground of minority. The court pointed out that there were appropriate methods to preserve that interest, which it was to the advantage of the minor to preserve. This court said that under the record in the case under consideration the disability of minority had been removed, and that on this account there was no occasion for a guardian or next friend to take the initiative. If the removal of the disability of minority enabled the minor to make a choice of homesteads, we can perceive no good reason for holding that the removal of such disability would not enable him to join with his adult brothers and sisters in the execution of a gas lease

on the homestead. As we have already seen, a female may sell or abandon her homestead rights when she becomes of full age under the statute, and there is no reason why, when a minor's disabilities are removed by a court pursuant to statutory authority, he may not have the same right. Therefore, the decree will be affirmed.