METZ *v.* MELTON COAL COMPANY.

Opinion delivered March 28, 1932.

*Starbird & Starbird,* for appellant.

*Pryor & Pryor,* for appellee.

MEHAFFY, J. On April 12, 1928, a decree was rendered by the chancellor in vacation, and was filed with the clerk of the Franklin Chancery Court on April 16, 1928. The decree was in favor of the defendant, appellant here. At the same term of court there was an application filed to set aside the decree rendered by the chancellor on April 12th.

On April 6th, the chancellor had set the case for trial on the 12th and directed notice to be served on the plaintiff, or his attorneys. Mr. Grant, attorney for the defendant, wrote to Mr. Williams, attorney for plaintiff, at Ozark. Mr. Williams had lived at Ozark, but had moved from there, and testified that he never received the letter.

The chancellor heard the evidence of the defendant on the 12th, and rendered a default judgment.

Mr. Grant, having written to the attorney for the plaintiff, the court supposed that the notice had been received, and proceeded to hear the evidence of the defendant, and rendered judgment for the defendant and against the plaintiff for $450, and the application was to set aside this default judgment.

The parties entered into the following stipulations:

"STIPULATION.

"It is agreed and stipulated by and between G. L. Grant, attorney for defendant, Carl Metz, and Pryor,

Miles & Pryor, attorneys for Melton Coal Company, plaintiff, that the application to set aside default judgment filed by the plaintiff herein, upon motion of the defendant, be continued until the next term of the court, or to be heard in vacation upon a date to be agreed upon by the parties, and that no execution, garnishment or other process is to be issued upon the judgment rendered in favor of the defendant in the above cause against the plaintiff until after the hearing of the application to set aside judgment filed by the plaintiff herein, said continuance to be granted upon the motion of the defendant in the above court on account of the absence from the State of the attorney for the defendant.

"Witness our hands, this 7th day of July, 1928.

"Pryor, Miles & Pryor,
"Attorneys for Plaintiff.
"G. L. Grant,
"Attorney for Defendant.

"Filed July 9, 1928. Vint Addy, Clerk."

"STIPULATION.

"It is stipulated by and between plaintiff and defendant in this case that the motion to set aside the default judgment in this case may be continued, and that it may be heard by agreement at chambers in Fort Smith, if the chancellor will hear it there, and that all right to question the right of the chancellor to set the judgment aside because it had become final is waived. In other words, the parties here agree to waive any question of the intervention of the term of court.

"Pryor, Miles & Pryor,
"Attorneys for Plaintiff.
"G. L. Grant,
"Attorney for Defendant.

"Filed December 3, 1928. Vint Addy, Clerk."

"STIPULATION.

"It is hereby stipulated and agreed between the parties to this suit and their attorneys that this cause may be submitted at this term of the court and the evi-

dence introduced before the chancellor in vacation at Fort Smith at any time before the............day of........................, 1929, and a decree entered by him after hearing said evidence.

"This the 8th day of July, 1929.

"Pryor, Miles & Pryor,
"Attorneys for Plaintiff.
"G. L. Grant,
"Attorney for Defendant.

"Filed July 8, 1929.  J. E. Yates, Clerk."

"STIPULATION.

"It is agreed and stipulated by and between Pryor, Miles & Pryor, attorneys for the plaintiff, and G. L. Grant, attorney for the defendant, that the above cause may be submitted to the Honorable J. V. Bourland, Chancellor, at chambers, in the city of Fort Smith, Arkansas, on December 14, 1929, in accordance with the stipulation herein entered by and between the parties hereto.

"Witness our hands on this the 30th day of November, 1929.

"Pryor, Miles & Pryor,
"Attorneys for the Plaintiff.
"G. L. Grant,
"Attorney for the Defendant.

"Filed December 2, 1929.  J. E. Yates, Clerk."

These stipulations were filed in the Franklin Chancery Court.  The Honorable J. V. Bourland was chancellor at the time the default decree was entered, and the Honorable C. M. Wofford succeeded Judge Bourland, and was chancellor at the time the decree was entered setting aside the default judgment.  The decree setting aside the default judgment was rendered on September 17, 1931.

The decree recited that, the parties having agreed in open court to finish the trial before the chancellor at chambers, in Van Buren, Arkansas, the plaintiff appeared by its solicitors, J. P. Clayton and Pryor & Pryor, and, the defendant appearing by his solicitors, Starbird & Starbird, the trial proceeded upon oral testimony, and

the chancellor, having heard the oral and documentary evidence, and the whole record, as well as the argument of counsel, and being fully advised in the premises, doth find for the plaintiff, and doth further find that the judgment rendered herein on April 12, 1928, ought to be set aside and held for naught, and the plaintiff allowed a trial in the case.

The original case was set for a hearing before the chancellor in vacation on April 6, but the place of the hearing was not designated, and the plaintiff's attorney did not know that the time had been fixed.

On April 6th, the defendant's attorney appeared, but the plaintiff's attorney did not appear, and the chancellor ordered the case set down for hearing on April 12th, and directed that the plaintiff's attorney be notified.

At the beginning of the case Mr. Williams was attorney for plaintiff, and Mr. Partain was attorney for defendant. On April 6, the time set for the hearing, Mr. Grant appeared for the defendant, and he wrote and mailed a letter to Mr. Williams, attorney for the plaintiff, at Ozark. Mr. Williams had lived at Ozark, but had moved to Clarksville, and he testified he had never received the letter from Mr. Grant, and never heard of it until after judgment and execution. Pryor, Miles & Pryor became attorneys for the plaintiff, and Starbird & Starbird, attorneys for the defendant.

Judgment by default was rendered on April 12, against the plaintiff for $450, and was filed with the clerk on April 16. At the same term of court that the judgment was rendered and filed, the attorneys for the plaintiff filed an application to set aside the default judgment, and the stipulations above set out were entered into and filed in court.

Appellant first contends that the decree of the chancellor setting aside the default judgment is not supported by a preponderance of the evidence. It is true that the record entry shows that the case was set down for April 6th, but it was not tried on April 6th, but was postponed

by the chancellor until the 12th, and notice directed to be given the plaintiff's attorney. The evidence shows that Mr. Grant wrote a letter to plaintiff's attorney, advising him that the case would be tried on the 12th, but the evidence does not show, and the court did not find, that Mr. Williams ever received this notice.

It is contended that the evidence on the part of the defendant is positive, and that on the part of the plaintiff is negative. The evidence on the part of the plaintiff, however, is as positive as the evidence for the defendant.

It is next contended by the appellant that the proceeding to vacate the judgment is not authorized by law; that the proceeding should have been by a complaint verified by affidavit, as provided for in §§ 6292 and 6293 of Crawford & Moses' Digest.

This is not a proceeding under above sections of the digest, but is a motion or application filed at the same term of court the judgment was rendered, to set aside a default judgment.

It has been settled by numerous decisions of this court that a motion to set aside a default judgment at the judgment term is not an independent action, and, when set aside, does not determine the rights of the parties. It leaves the case in the condition it was before the default judgment was rendered, with an opportunity to try the case upon its merits. *Democrat P. & L. Co.* v. *Van Buren County,* 184 Ark. 972, 43 S. W. 1075; *Hawkeye Tire & Rubber Co.* v. *McFarlin,* 146 Ark. 491, 225 S. W. 632; *Wells-Fargo & Co.* v. *W. B. Baker Lumber Co.,* 107 Ark. 415, 155 S. W. 122.

This court has many times held that the trial court may, during the term, vacate its judgment, and that it might do so without notice.

This judgment, however, setting aside the default judgment, was not rendered at the same term of court. The application to set it aside was filed in the same term of court, and it was agreed that it might be tried thereafter in vacation.

In a case note in 60 Am. St. Rep., 639-640, it is stated: "After the lapse of the term at which the judgment is rendered, the power of the court to vacate it on motion is much more restricted than during the term, though we believe no rule can be formulated which will everywhere be recognized as correct, prescribing the precise limits of this power. * * * So during the term notice of an application to vacate a judgment may be given, and it may be granted afterward. There is some conflict of authority upon the subject, but we believe that where a motion is made to vacate a judgment, or notice of such motion is given, within the time in which the court has power to grant it, it is not indispensable that it be disposed of within the term, and therefore that an order vacating a judgment after the term or after the time specified in some statute is neither erroneous nor void, if the motion therefor was made in due time." Authorities are cited in the case note, supporting the rule above announced.

It is true that this court has many times held that a judgment rendered at one term of court cannot be set aside at a future term of court, and the case again determined, and it cannot be set aside at a future term by consent of parties, where the court is not authorized to act in the absence of such consent, because consent cannot confer jurisdiction.

Our statute, however, expressly provides that a chancellor may deliver opinions and may make and sign decrees in vacation in causes taken under advisement by him at a term of the court, and he may do this by the consent of the parties or their solicitors of record, and when this is done the decree has the same force and effect as if done in term time, and appeals may be taken from decrees rendered in vacation. Crawford & Moses' Digest, § 2190.

This section has been construed by this court, and it has been expressly held that this section authorizes the setting aside of a decree after the term where the application is made during the term. This court said, in con-

struing the above section: "The court had jurisdiction to hear and determine the second petition of the appellees to set aside the sale of June 12, 1925. Although a former petition to that effect had been filed and overruled, this second petition was filed at an adjourned day of the same term of court and on the last day of the adjourned term. The issue was joined by the appellees on this petition, and a hearing thereon was had by consent in vacation. The decree from which this appeal comes so recites. Authority for such procedure is found in § 2190 of Crawford & Moses' Digest. See also *Bickle* v. *Turner*, 133 Ark. 536, 202 S. W. 703; *Davis* v. *Sparks*, 135 Ark. 412, 205 S. W. 803. The court had not adjourned *sine die* at the time the second petition to vacate the sale was filed, and, even though such petition was filed on the last day of the adjourned term, that was sufficient to give the court jurisdiction to hear and determine the issue joined on such petition, and the statute above confers upon the chancellor authority to try causes by consent of parties and to render decrees in vacation." *Wofford* v. *Young*, 173 Ark. 802, 293 S. W. 725.

The application in the instant case was filed at the same term of court, the issue was joined by appellant on this petition, and a hearing thereon was had by consent in vacation. The section above referred to says that the decree in such cases shall have the same force and effect as if made, entered, and recorded in term time.

If this decree had been entered in term time, when the application was filed, it would have left the case in the condition it was before the default judgment was rendered, April 12, with an opportunity to try the case upon its merits, and since, under our statute, the decree rendered in vacation has the same effect, the setting aside of the default judgment by the chancellor left the parties in the same situation they were in before any judgment was ever rendered. They can therefore proceed with the trial of the case as if no judgment had been rendered on April 12, 1928, and, as we held in *Democrat P. & L. Co.* v. *Van*

*Buren County, supra,* no appeal could be taken from this judgment.

The decree of the chancery court is affirmed.