■ ELIZABETH B. JOHN, Appellant, v. WILLIAM E. JOHN, JR., Respondent.— In an action for a judicial separation, the plaintiff wife, a resident of the State of Florida, appeals from an order of the Supreme Court, Westchester County, made April 28, 1964 upon reargument, which: (1) denied her motion for temporary alimony and counsel fee; and (2) granted the defendant husband's cross motion to dismiss the complaint on the grounds: (a) that the parties are no longer husband and wife by reason of a Florida decree of divorce which the wife had obtained against the husband on his default after constructive service of process upon him, and (b) that said decree is unaffected by a subsequent Florida decree, made on the wife's application to the Florida court without notice to the husband, vacating the divorce decree and declaring it to be null and void. Order affirmed, without costs. No opinion. Beldock, P. J., Ughetta and Kleinfeld, JJ., concur; Christ and Brennan, JJ., dissent and vote to reverse the order, to deny the cross motion and to remit the matter to the Special Term for determination on the merits of plaintiff's motion for alimony and counsel fee *pendente lite*, with the following memorandum by Brennan, J., in which Christ, J., concurs: I cannot agree that the courts of this State must give full faith and credit to a divorce decree which has been "set aside, declared void and held for naught" in the State of its rendition. In my opinion it is not a denial of due process not to give further notice of proceedings to a defaulting party. The notice essential to due process is the original notice giving jurisdiction, and not notice of the time for the exercise of jurisdiction already vested; and, after jurisdiction has duly attached, it has been said that a party has no constitutional right to demand notice of further proceedings (16A C. J. S., Constitutional Law, p. 803). Indeed, under the New York practice, no service of papers need be made upon a party who is in default for failure to appear (CPLR 2103, subd. [e]). In Florida, a similar procedural rule obtains: "RULE 1.4. SERVICE OF PLEADINGS AND PAPERS (a) Service: When Required. Every pleading subsequent to the initial pleadings, unless the court otherwise orders, and every order, judgment or decree not entered in open court, every written motion unless it is one as to which a hearing ex parte is authorized, and every written notice, demand and similar paper shall be served on each party affected therby, *but no service need be made on parties against whom a default or decree pro confesso has been entered* except that pleadings asserting new or additional claims for relief against them shall be served in the manner provided by law for service of summons" (Florida Rules of Civil Procedure, rule 1.4; italics supplied). It is my view that the emphasized portion of the foregoing rule is applicable to the case at bar. The exception which follows the emphasized words pertains to "*pleadings* asserting new or additional claims". Plaintiff's application to vacate the Florida divorce decree was not a "pleading". Rule 1.38 of the Florida Rules of Civil Procedure which gives the court the power to relieve a party from a final decree where the same "is void", as was done here, does not require notice. It has been stated that, in the absence of statute, notice of a motion to set aside a default judgment is unnecessary (49 C. J. S., Judgments, p. 663; cf. *Crook* v. *Heizer*, 129 Okla. 36; *Metz* v. *Melton Coal Co.*, 185 Ark. 486; *Planters' Lbr. Co.* v. *Sibley*, 130 Miss. 26). Moreover, where, by statute, notice to an adverse party was required, it has been held that notice to a defendant was not required where the plaintiff sought merely to vacate a judgment in favor of himself (*Franklin* v. *Hunt Dry Goods Co.*, 190 Okla. 296). And in New York it has been held that the fact that an order vacating a judgment was made without notice to some of the parties to an action constitutes an irregularity only and does not affect the jurisdiction of the court to vacate the judgment (*Weston* v. *Citizens' Nat. Bank*, 88 App. Div. 330). In my opinion, the order of the

Florida court vacating the prior divorce decree is presumptively **valid** and is a final order which should be given full force and effect in this State (*Williams* v. *Williams,* 17 A D 2d 958). So considered, the record shows that the Florida divorce has been vacated by the Florida court; that the parties are still husband and wife; and that the present separation action is maintainable.