Doris May, etc., *v.* Spivey Chevrolet Co., Inc.

5-4128                                        411 S. W. 2d 528

Opinion delivered February 20, 1967

*J. B. Milham* for appellant.

No brief for appellee.

CONLEY BYRD, Justice. This collateral attack on an order removing the disabilities of a minor was initiated in the trial court by appellant Doris May as next friend of her son, Wayne May, aga'nst the appellee, Spivey Chevrolet Company. Appellant elected to stand on her complaint and prosecutes this appeal from an order sustaining appellee's demurrer. No brief has been filed by appellee.

Early in 1966, appellant had obtained an order from Saline Chancery Court removing her son's disabilities. Later, appellant filed this action against appellee seeking to have the order removing disabilities modified, for cancellation of a note and contract and for other relief. Appellee demurred to the complaint and amendment to the complaint, which were properly sustained.

Since enactment in 1869 of the procedure for removal of disabilities of minors, this court has consistently held that a decree valid on its face removing disabilities of a minor may not be attacked collaterally. *Hindman* v. *O'Connor*, 54 Ark. 627, 16 S. W. 1052; *Young* v. *Hiner*, 72 Ark. 299, 79 S. W. 1062; *Gilmore* v. *Union Sawmill Co.*, 178 Ark. 297, 10 S. W. 2d 517. Discussing these cases in *Wilson* v. *Magnolia Petroleum Co.*, 181 Ark. 391, 26 S. W. 2d 92, Justice Hart observed, "No doubt numerous rights have grown up under these decisions, and the holding of the court has become a rule of property." Our present statute, Ark. Stat. Ann. § 34-2001 (Repl. 1962), with the added provision that judges may act in vacation, is a re-enactment of the 1869 law. Obviously, since the minor is not a party to this action, and the decree removing the disabilities of the minor may not be collaterally attacked, the demurrer was properly sustained for defect of parties.

Affirmed.