The Honorable Randy Bryant State Representative 14138 DeGraff Road Rogers, Arkansas 72758
Dear Representative Bryant:
This is in response to your request for an opinion on several matters regarding a seventeen-year-old who has been issued an order of removal of disabilities pursuant to A.C.A. § 9-26-104 (Repl. 1993).[1] You state that this individual is not enrolled in school, and that he wishes to obtain a driver's license and enroll in a GED (adult education) program. You indicate that the Arkansas State Police has stated, contrary to a prior policy, that a driver's license will not be issued to an emancipated minor unless he or she is enrolled in school. You also state, with regard to the adult education program issue, that according to a high school administrator in this instance, admittance to a GED program should not be recommended to anyone under the age of eighteen.
In response to your first question regarding the issuance of a driver's license, it is my opinion that the former policy of issuing a license to an emancipated minor regardless of school attendance is in all likelihood reasonable, assuming that the order of removal of disabilities (A.C.A. §9-26-104, supra at n. 1) is properly entered and in fact acts in general to remove the disabilities of minority.[2]
It is my understanding that the office of Driver Services within the Department of Finance and Administration will accept a driver's license application by a person less than eighteen years old who presents no proof of school attendance if an order of removal of disabilities has been entered.[3] While my research has disclosed no cases directly on point, there is general authority for the proposition that an order fully emancipating an infant or removing his disabilities "ordinarily invests him with all the powers and capacities and subjects him to all the liabilities and obligations which he would have or to which he would be subject if he had actually reached his majority." 43 C.J.S. Infants § 119 (1978). Although by no means directly on point, the case of Wilson v.Magnolia Petroleum Co., 181 Ark. 391, 26 S.W.2d 92 (1930), suggests that the Arkansas Supreme Court subscribes to the view that a minor who has had his disabilities removed by court order is treated as though he has reached majority. In rejecting the argument that courts of equity lack jurisdiction to remove the disabilities of minors, the court stated:
 [A] proceeding to remove the disability of minority is not strictly a judicial proceeding. At the common law, both men and women became sui juris at twenty-one years. There being no constitutional restriction, it became a matter of legislative will to fix the age at which minors reach their majority.
181 Ark. at 394.
The following statement is also illustrative of the court's view:
 This order of the court emancipated the minor to the same extent as if the Legislature by a general act had fixed his majority at eighteen years. . . .[4]
Id. at 397.
The term "majority" is defined in Black's Law Dictionary 860 (5th ed. 1979) as "the age at which, by law, a person is entitled to the management of his own affairs and to the enjoyment of civic rights."
While a conclusive determination may require resort to the courts or legislative clarification, it is my opinion that the requirements under A.C.A. § 26-16-701 (see n. 3, supra) pertaining to driver's license applications by persons less than eighteen years old in all likelihood do not apply to a sixteen or seventeen-year-old whose disabilities of minority have been removed by court order.
With regard to your second question concerning enrollment in a GED program, it is my opinion, similarly, that the enrollment requirements ordinarily applicable to a sixteen- or seventeen-year-old are probably inapplicable where an order removing the disabilities of minority has been entered. The above analysis would, I believe, support this conclusion.
This conclusion is, I believe, further buttressed by the fact that the adult education program attendance requirements are premised upon, or at least assume, the exercise of parental care and control of the child.See, e.g., A.C.A. § 6-18-201(b)(1) and (5) (1994 2nd Ex. Sess.) (regarding meeting between "the child's parents, guardians, or persons inloco parentis" and the school counselor, and the agreement of the parents, guardians or persons in loco parentis that the child will attend regularly and have appropriate conduct). Because an order removing the disabilities of minority appears to entitle the subject to manage his own affairs free from parental control (see Wilson, supra, 181 Ark. at 397
wherein it is noted that "there was no occasion for a guardian or next friend" as the disability of minority had been removed), it cannot reasonably be concluded that waiver requirements for attending an adult education program will apply. Rather, the minor who has had his disabilities removed should, I believe, be treated as though he has attained majority for purposes of enrolling in a GED program.
As a final note, it should be recognized that the above conclusions were reached without the benefit of direct case law authority or legislative guidance. This is an area that merits legislative clarification.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] This Code states in relevant part as follows under subsection (a):
 The circuit courts and the chancery courts of this state or the respective judges thereof in vacation shall have the power to authorize any person who is a resident of the county and who has reached his sixteenth birthday to transact business in general and any particular business specified in like manner and with the same effect as if such act or thing were done by a person who had attained majority. Every act done by a person so authorized shall have the same force and effect in law and equity as if done by a person of full age.
[2] Although § 9-26-104 is somewhat unclear in this regard, it appears to envision an order that specifies the business that the minor is authorized to transact. Reference to the particular order may therefore be necessary in order to determine its actual scope and effect.
[3] Under A.C.A. § 27-16-701(d) (1994 2nd Ex. Sess.), driver's license applications by persons under age eighteen must be accompanied by proof of attendance in either an adult education program or a public, private or parochial school, or proof of home schooling, or proof of enrollment in a postsecondary vocational-technical program, a community college, or a two-year or four-year institution of higher education.
[4] When Wilson was decided, the statute provided that males reached their majority at age twenty-one. See Crawford Moses Digest, § 4986.